**LaGRASS et, Plaintiffs-Appellees, v. CREDIT INVESTMENT CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22904. Decided December 21, 1953.

H. W. Kiser, Cleveland, for plaintiffs-appellees.
G. A. Doyle, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from an order of the common pleas court issued in a special proceeding in aid of execution, directing the garnishee to pay into court monies which the court found, upon the report of a referee, to be held in the hands of said garnishee, to apply upon plaintiffs' judgment theretofore entered against the defendant. The garnishees failed to comply with said order, and were then cited for contempt of court and an execution issued against their property including a levy on automobiles of the garnishee, Strok. Upon motion to dismiss the contempt proceeding and seeking an order directing the sheriff to release the property of Andrew Strok, the court granted the motion dismissing the proceeding in contempt and the sheriff was ordered to return the property which he had taken into custody on the levy.

This appeal seeks to reverse the order of the common pleas court affirming the report of the commissioner that the garnishees are indebted to the judgment debtor in the sums stated in the commissioner's report.

So far as the garnishees are concerned, such an order is in no sense a judgment, nor can such an order be enforced by contempt. If the garnishee complies with the order he will be fully protected in any claim made against him by the judgment debtor under the provisions of §11763 GC (§2333.04 R. C.).

Such an order, however, on the garnishee, is not a judgment. **Sec. 11765 GC (§2333.06 R. C.)** provides as follows:

"The garnishee shall pay over to the officer all money in his hands, or under his control, or which may come into his hands or control, belonging to the defendant, not exceeding the amount of the judgment and costs, and deliver to the officer all property and credits of the defendant in his hands, or which may come into his hands, and take his receipt for such money, property, or credits which shall be a sufficient discharge of liability therefor. Upon refusal by such garnishee to pay over money or deliver property or credits as above required, the plaintiff may commence an action therefor, in his own name against the garnishee and recover them, with costs."

It is apparent from the foregoing section that until the plaintiff in the action files an action against the garnishee, there is no judicial order against such garnishee for the payment of money.

For the foregoing reasons the appeal of the garnishee is dismissed for the reason that there is no final order, judgment,

or order in a proceeding in a special action from which an appeal can be taken. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.