GENERAL MOTORS ACCEPTANCE CORPORATION, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, LUIS R. POLO, JUDGE, Respondent.

No. 2787. Decided May 4, 1962.

*Héctor Martínez Muñoz* for petitioner.   *F. Fernández Cuyar*
for the Travelers Fire Insurance Co.

Division composed of Mr. Chief Justice Negrón Fernández,
Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On September 2, 1955 the General Motors Acceptance
Corporation filed an action for recovery of money against
Julio Santiago González, claiming the sum of $2,997.40
representing the unpaid balance of the selling price of a
motor vehicle.   Within the action—which was filed under
No. CS-55-4132 of the Superior Court, San Juan Part—it
moved for and obtained on the same date an order to secure

316

the effectiveness of the judgment and to implement it an order was issued to the marshal to attach, and up to the aforesaid amount, "the amount of insurance policy No. 3716307 issued by the Travelers Fire Insurance Company in favor of the defendant... which shall not be disposed of either by the insurance company, its officers, agents, or employees ... or the defendant." The said insurer was further ordered to hold the amount of the policy which might correspond to the defendant, "which amount shall be turned over to the Marshal of the Superior Court of Puerto Rico." The order was executed the same day by delivering copy thereof to an officer of the firm Adolfo Steffens, general agents of the insurance company, "apprising them of the contents thereof." On March 16, 1959,[1] the plaintiff finally obtained judgment for the sum claimed, which became final and enforceable.

On October 2, 1956, Teresa Carle widow of Noya filed a complaint against the said Santiago, under No. CS-56-4624, claiming the sum of $3,000, amount of several loans which she had negotiated with him prior to the filing of the action. In order to secure the effectiveness of the judgment which might be rendered in her favor, a writ of garnishment was issued which was served on the following 8th day by "attaching" the proceeds of the aforesaid policy and by an order directed to the insurer not to dispose of and to hold, or in

[1] Originally, the complaint was dismissed by judgment rendered on September 28, 1956, but the same was reversed by this Court on November 18, 1958, and the case was remanded to the trial court for further proceedings not inconsistent therewith. *General Motors Acceptance Corporation* v. *Julio Santiago González*, petition for appeal No. 12,205. The judgment of this Court read as follows:

"It being evident that the payments tendered by the conditional vendor to a finance company (dealers payments) within a general finance plan do not relieve the conditional vendee, the judgment rendered by the Superior Court, San Juan Part, on September 28, 1956, is reversed and the case is remanded for further proceedings not inconsistent with this judgment."

default thereof, to deliver to the marshal, the corresponding amount, which the latter "in turn shall deposit with the Clerk of the court until final disposition by the court." On March 5, 1957 judgment by stipulation was rendered for the plaintiff in the sum of $2,000.

In the meantime Santiago had brought an action against the Travelers to recover on the policy the sum of $4,500 for the total loss of the insured vehicle and an additional $4,500 for damages. The action was brought on March 16, 1956 and registered under No. CS-56-1292. Notwithstanding that by this date he had been served with the order issued to secure the effectiveness of the judgment that might be rendered for General Motors Acceptance Corporation, such fact was not alleged before the court nor in the answer nor subsequent thereto. On November 11, 1956 judgment was rendered in favor of Santiago for the sum of $1,767, which was delivered to the marshal on February 25, 1957, and to that end the company filed a memorandum of satisfaction of judgment which reads as follows:

"The defendant hereby informs that final judgment having been rendered in the instant case which is now final because no appeal has been taken therefrom, ordering the defendant herein to pay to the plaintiff the sum of one thousand seven hundred and sixty-seven dollars ($1,767), and the said amount having been garnished in civil action No. 56–4624 of this Court, entitled *Teresa Carle widow of Noya* v. *Julio Santiago González,* it has delivered on this day to the marshal of this Court certified check No. 79030 for the sum of one thousand seven hundred and sixty-seven dollars ($1,767) in full discharge of the judgment rendered in the case at bar."

The same day judgment by stipulation was rendered in the action for recovery of money 56-4624, plaintiff Carle filed a motion praying for withdrawal of the funds deposited by Travelers in favor of Santiago, which was granted by an

order which reads as follows: "As prayed for. The Clerk shall issue a check for the sum on deposit." [2] It was so done.

When the General Motors Acceptance Corporation attempted to enforce the judgment rendered in its favor, the Travelers refused to deliver any sum alleging that the amount of the policy had been deposited with the court in satisfaction of the judgment rendered against it in case 56-1292. In view of the insurer's position, the General Motors requested that the Travelers be ordered to pay to it the sum of $1,767. The latter appeared in compliance with an order to show cause, and alleged that it had delivered to the marshal the amount of its policy liability "for disposition by that officer ... in such manner as he might deem proper"; that it *did not know* what disposition the marshal had made of the funds on deposit, and that, in any event, it was not bound to pay the same amount twice. This was the holding of the trial court and to review the order to that effect we issued a writ of certiorari.

The issue in this appeal is confined merely to determining the priority between the two orders to secure the effectiveness of the judgment, and whether compliance with the subsequent order relieves the insurer from liability to the prior judgment creditor. We have no doubt that at the time the first order was served the Travelers was not bound to deposit the required amount, since that company was denying its policy liability. *General Accident Fire & Life Assur. Corp.* v. *Mitchell*, 259 P.2d 862 (Colo. 1953); *Allor* v. *Dubay*, 26 N.W.2d 772 (Mich. 1947); *Rodenkirk* v. *State Farm Mutual Automobile Ins. Co.*, 60 N.E.2d 269 (Ill. 1945); *Garnishment Provisions in Insurance Policies Prohibiting Assignments*, 6 Rutgers L. Rev. 619 (1952). However, once the contingency disappeared by reason of the judgment

---

[2] From the foregoing we infer that the Travelers delivered a certified check to the order of the marshal and that the latter, in compliance with the order to secure the effectiveness of the judgment for Mrs. Carle in civil case CS-56-4624, referred the same to the clerk of the court.

rendered in the action brought by the insured against the insurer, no objection could be raised to compliance with the order to hold and deposit in its case. In such a case, a prior garnishing creditor has preference over any subsequent creditor who may seek to attach the property or that it be held, *Grant* v. *Reed*, 205 P.2d 955 (Kan. 1949). In reality, in reason and justice, we fail to see how a rule other than that which governs in real-property law can prevail in this field, because the situation is identical, except for the nature of the property subject to be held or garnished. As a matter of fact, where a garnishment proceeding is validly brought the funds are symbolically in the custody of the law and beyond the control of either the defendant in the main action or the garnishee. *Stonecipher* v. *Knoxville Savings & Loan Ass'n*, 298 S.W.2d 785 (Tenn. 1956). The only way to relieve from liability a third person who holds defendant's property which has been garnished by the latter's creditors is by depositing the same with the court and giving notice thereof *to all the parties in interest*. Some states require the appearance of the third party—debtor of the defendant— by means of a proceeding of interpleader.[3] *First State Bank* v. *Burton*, 64 So.2d 421, 423 (La. 1953); *Wall* v. *Wall*, 181 S.W.2d 817 (Tex. 1944); *cf. Puissigur* v. *Yarbrough*, 175 P.2d 830 (Cal. 1946). However, it is not sufficient to make the mere deposit in court, either by delivering to the marshal or making the deposit with the clerk, but it is also necessary to give notice to the garnishing creditors, or, at least, to apprise the court of the adverse claims to enable it, before entering an order for final disposition of the funds, to decide the preference among different claimants. The cases of *La Grass* v. *Credit Inv. Co.*, 116 N.E.2d 316 (Ohio 1953), and *Black Mountain Corp.* v. *Parsons*, 126 S.W.2d 874 (Ky. 1939), cited by the intervener, are clearly distinguish-

---

[3] See Rule 19 of the Rules of Civil Procedure of 1958, 32 L.P.R.A. (1960 Supp.), p. 104.

able, for both deal with the garnishee's liability to the defendant whenever it has deposited the property with the court in compliance with a writ to that effect, that is, that they do not deal with the question of preference among different creditors of the defendant.

■ As stated in *Ruiz* v. *Commercial Insurance*, 83 P.R.R. 312 (1961), a garnishee should make sure, upon tendering payment, "that the rights of the person in whose favor the garnishment was ordered are protected." *Portland Ass'n, etc.* v. *Earley*, 254 P.2d 758, 762–63 (Wash. 1953); *Gainville Feed & Poultry Co.* v. *Waters*, 73 S.E.2d 771 (Ga. 1952); Note in 13 Notre Dame Law. 328 (1938). If he fails to do so, he bears the consequences and is liable for double payment. And that is precisely the situation of Travelers in the instant case.

■ Notwithstanding the fact that it was served with an order to hold and deposit at the instance of General Motors Acceptance Corporation, when it tendered payment it merely advised expressly on the existence of a subsequent writ in favor of Mrs. Carle. Clearly, it did not ascertain that the rights of *all* parties in interest were protected. Its contention that it merely complied with the order, namely, to deposit with the marshal the amount of its policy liability, is naive when confronted with its statement in the memorandum of satisfaction of judgment in which it omits any reference to the prior order, but apprises the court that that sum had been garnished in the subsequent action 56-4624.

The order appealed from will be set aside and another rendered instead directing the Travelers Fire Insurance Co. to pay to General Motors Corporation the sum of $1,767, and also the sum of $500 for attorney's fees.