JANUZZI ET AL., APPELLEES, *v.* HICKMAN; FORD MOTOR COMPANY, APPELLANT.

[Cite as *Januzzi v. Hickman* (1991), 61 Ohio St.3d 40.]

(No. 90–1297—Submitted March 20, 1991—Decided June 26, 1991.)

Thomas A. Januzzi, for appellees.

Thompson, Hine & Flory, Keith A. Ashmus and Joel R. Hlavaty, for appellant.

---

MOYER, C.J. The sole question presented for our review is whether garnishee Ford may appeal from the municipal court's order to pay into court. We hold that Ford may not appeal, and therefore we affirm the judgment of the court of appeals.

Prior case law has unequivocally held that a garnishee is not a party to a garnishment proceeding. As stated in the second paragraph of the syllabus in *Secor v. Witter* (1883), 39 Ohio St. 218, " * * * a garnishee who is summoned to answer is not a party, nor has he his day in court in that [garnishment] action. His duty is to appear and answer all questions touching the property and credits of defendant in his possession or under his control, and truly disclose the amount owing by him to defendant, whether due or not * * *." The *Secor* court held that an order to pay into court merely assigned the defendant debtor's claim against the garnishee to the plaintiff creditor. See *id.* at paragraph four of the syllabus. It remained for the plaintiff to enforce the assigned claim against the garnishee in a separate civil action authorized by statute. *Id.*

Since a garnishee was not a party in the garnishment proceeding, an order to pay into court entered in that proceeding could not affect the garnishee's substantial rights. It followed that a garnishee could not appeal from an order to pay into court, which was not a "final order charging the garnishee." *Id.* at 231; *Peoples Bank & Savings Co. v. Katz* (1946), 146 Ohio St. 297, 301, 32 O.O. 345, 347, 65 N.E.2d 708, 710. The garnishee's course of action was to refuse to comply with the order to pay into court and then wait to raise his

defenses in the civil action to be filed by the plaintiff creditor. *Duffey v. Reardon* (1904), 70 Ohio St. 328, 333, 71 N.E. 712, 713.

The present statutes governing postjudgment garnishment continue to apply these principles. The garnishee continues to be treated as a nonparty for purposes of the garnishment proceeding. The garnishee's nonparty status is indicated in R.C. 2716.06 and 2716.13, which statutes give only the judgment debtor the right to demand a hearing. R.C. 2716.21(B) further echoes the law construed in *Secor* by providing that the garnishee "shall answer all questions" and "shall truly disclose the amount owed by him to the judgment debtor whether due or not * * *." In short, the garnishee is a stakeholder or witness and not a party to the garnishment proceeding for purposes of the present statutes.

Similarly, consistent with the statutes construed in *Secor*, R.C. 2716.21(F) provides that a "judgment creditor may proceed against the garnishee by civil action" if the garnishee, for example, "fails to comply with the order of the court to pay the money owed or deliver the property into court * * *."

We note, however, that the present statutes depart in one respect from the statutes construed in *Secor*. R.C. 2716.21(E) now also provides for a finding of contempt against a garnishee. In particular, "[i]f a garnishee fails to answer as required by this section, answers but fails to answer satisfactorily, or fails to comply with a proper order of a court in connection with a garnishment under this chapter, the court may proceed against him for contempt." Although the statutes construed in *Secor* authorized a finding of contempt against a garnishee who did not "appear and answer," those statutes apparently did not authorize a finding of contempt for a garnishee's refusal to obey an order to pay into court. See R.S. 6502 (51 Ohio Laws 179, 189). Given the insistence in *Secor*, *Duffey*, and other cases that the garnishee could refuse to comply with the order to pay into court, it is understandable why some courts stated that a garnishee could not be found in contempt for such a refusal. See *LaGrass v. Credit Inv. Co.* (App.1953), 69 Ohio Law Abs. 231, 116 N.E.2d 316; *Campbell v. Fraser* (C.P.1903), 13 Ohio Dec. 552. R.C. 2716.21(E) now clearly provides for such a finding of contempt.

Nevertheless, despite the garnishee's possible liability for contempt, the fundamental principle of *Secor* continues to apply. The *Secor* court determined that an order to pay into court was not a final order because the garnishee's rights remained to be determined in a subsequent civil action.

A similar analysis applies under the present statutes. As stated above, the present statutes treat the garnishee as a nonparty for purposes of the garnishment proceeding. Thus, an order to pay into court arising out of that

proceeding does not finally determine the garnishee's liability. Just as in *Secor*, the garnishee's liability remains to be finally determined in either the contempt proceeding or the separate civil action provided by statute. The statutes indicate that the garnishee will have its day in court in one of these latter proceedings, not in the garnishment proceeding. We note that liability for contempt under R.C. 2716.21(E) is contingent on a finding that the garnishee failed to answer, answered but failed to answer "satisfactorily," or failed to comply with a "proper" order of the court. The General Assembly's use of the terms "satisfactorily" and "proper" indicates that the garnishee will have the full ability to litigate the validity of the order to pay into court in the context of any resulting contempt proceeding. Similarly, since the separate civil action proceeds "as in other civil actions," R.C. 2716.21(F), the garnishee will have the full ability to raise viable defenses in that action. See *Secor, supra*, at 231.

We conclude, as the *Secor* court did, that the order to a garnishee to pay into court is merely preparatory to further proceedings. It does not finally determine the garnishee's liability. Therefore, a nonparty garnishee may not appeal from an order to pay into court entered in a postjudgment garnishment proceeding under R.C. Chapter 2716. The nonparty garnishee may not appeal regarding its garnishment liability until that liability is finally determined sometime later, in either the contempt proceeding under R.C. 2716.21(E) or the civil action under R.C. 2716.21(F).

This procedure admittedly imposes risks on the garnishee. Being unable to appeal, the garnishee is faced with the dilemma of either obeying the order to pay into court or disobeying and risking contempt if it is wrong in its assessment of its liability. Nevertheless, even under the statutes construed in *Secor*, the garnishee incurred some risk in refusing to obey the order to pay into court. The statutes then provided, as R.C. 2716.21(F) does now, that the garnishee might be required to pay the "costs of the proceedings against the garnishee * * *." R.S. 6504 (51 Ohio Laws 179, 189). If the risk of liability for costs did not give the nonparty garnishee standing to appeal in *Secor*, the risk of liability for contempt should not give the nonparty garnishee standing to appeal under present law. These risks are speculative and do not adversely affect the garnishee's substantial rights. See R.C. 2505.02. The existence of these risks does not change the fact that an order to pay into court is not a final determination of the garnishee's rights. We decline to overrule the reasoning of *Secor*.

In an attempt to distinguish this case from the reasoning of *Secor*, Ford argues that it in effect became a party to the garnishment proceeding when it appeared and presented facts and law to the trial court. We find this

argument unpersuasive. Ford clearly was a party for the limited purpose of defending against the contempt charge. Its submission of facts and law therefore may be attributable to the contempt action and not necessarily to the garnishment proceeding. Furthermore, Ford made no formal motion to intervene, and no order granting party status to Ford was entered in the garnishment proceeding. In the context of this case, in which Ford had reason to participate because of the contempt charge, only a formal motion or order would have put the litigants and the court on notice that Ford would be fully bound by the court's orders in the garnishment proceeding.

Although we do not decide here whether Ford could properly intervene in the garnishment proceeding, Ford's failure even to seek intervention is fatal to its argument that it has standing to appeal from the order to pay into court entered in that proceeding. See *State, ex rel. Lipson, v. Hunter* (1965), 2 Ohio St.2d 225, 31 O.O.2d 453, 208 N.E.2d 133; *State, ex rel. Jones, v. Wilson* (1976), 48 Ohio St.2d 349, 2 O.O.3d 471, 358 N.E.2d 605. Cf. *Marino v. Ortiz* (1988), 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629.

Based on the foregoing, we conclude that Ford cannot appeal from the order to pay into court entered in the garnishment proceeding, which order did not finally determine Ford's liability. We therefore affirm the judgment of the court of appeals.

*Judgment affirmed.*

SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.