OPINION
This appeal arises from a decision by the Allen County Common Pleas Court, Domestic Relations Division, to overrule a Motion filed by the Allen County Child Support Enforcement Agency and parties subject to a prior divorce decree and child custody determination, which sought to change the payee for child support following a guardianship determination by the Allen County Court of Common Pleas, Probate Division. Because we find that the appealing party is not properly before this court, we dismiss the action.
This case began as a divorce proceeding in the Allen County Common Pleas Court, Domestic Relations Division ("Domestic Division"). On March 22, 1993, the Domestic Division dissolved the marriage between David and Stacey Lee. Following this determination, the sole custody of their minor child was granted to David Lee, and accordingly, Stacey Lee was ordered to pay child support.
On February 23, 1998, the Allen County Common Pleas Court, Probate Division ("Probate Division"), issued Letters of Guardianship over the minor child to the child's paternal grandparents, John and Elizabeth Lee. Thereafter, the Allen County Child Support Enforcement Agency ("CSEA") and David and Stacey Lee filed a Motion to Approve Agreed Judgment Entry in the Domestic Division to change the payee for child support; however, this alleged agreement to change the payee was not attached to the motion. According to the CSEA's brief upon appeal and the overall context of this case, the payee was to be changed to the guardians, John and Elizabeth Lee.
The Domestic Division held a hearing on the Motion submitted by the CSEA and David and Stacey Lee and subsequently entered judgment that it alone had continuing jurisdiction over the minor child pursuant to the prior divorce and custody proceedings. Furthermore, the Letters of Guardianship issued by the Probate Division were declared void, and since no order for custody of the minor child was made to John and Elizabeth Lee by the Domestic Division, the Motion to Approve Agreed Judgment Entry was overruled and dismissed.
From this decision, the CSEA appeals and asserts the following sole assignment of error.
 Assignment of Error I The trial court below committed prejudicial error holding that letters of guardianship issued by the Probate Division of the Court of Common Pleas after a decree of dissolution issued by the Domestic Relations Division of the Court of Common Pleas were void and not to be given any weight.
Because we find that the CSEA is not a proper party before this court, we sua sponte dismiss this appeal for the following reasons.
Generally, one who was not a party to a case in a trial court has no right to directly appeal a judgment.[1] An exception to this rule pertains to a person who has attempted to intervene as a party in the proceedings below.[2] In other words, "appeal lies only on behalf of aparty aggrieved by the final order appealed from" and "[a]ppeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."[3] Additionally, in order to initiate an appeal one must be able to demonstrate a "present interest in the subject matter of the litigation" and prejudice resulting from the trial court's judgment.[4]
In this case, the CSEA never attempted to intervene in the trial court to become a party. Furthermore, the record reflects that the CSEA merely added its name to the Motion to Approve Agreed Judgment Entry without any prior attempt to intervene and without any other involvement in this case aside from its administrative role as a child support payment conduit between Stacey and David Lee. The CSEA's failure to intervene and properly become a party to this action is fatal to any argument that it has standing to appeal from the order of the trial court.[5] Any injury arising from the trial court's decision was not directed at the CSEA because they were not a party to the action. Consequently, there is no justiciable issue before this court.
While a proper intervention would have given the CSEA standing to initiate this appeal, we also find that intervention in this situation does not align with the statutory directives relevant to this case. R.C. 3113.21(G)(4)(a), (b), and (c) state the following:
 (4)(a) The parent who is the residential parent and legal custodian of a child for whom a support order is issued or the person who otherwise has custody of a child for whom a support order is issued immediately shall notify * * * the child support enforcement agency of any reason for which the support order should terminate[.] * * * Upon receipt of a notice pursuant to this division, the agency immediately shall conduct an investigation to determine if any reason exists for which the support order should terminate. * * * If the agency determines the order should terminate, it immediately shall notify the court that issued the support order of the reason for which the support order should terminate.
 (b) Upon receipt of a notice given pursuant to division (G)(4)(a) of this section, the court shall order the division of child support to impound any funds received for the child pursuant to the support order and the court shall set the case for a hearing for a determination of whether the support order should be terminated or modified or whether the court should take any other appropriate action.
 (c) If the court terminates a support order pursuant to divisions (G)(4)(a) and (b) of this section, * * * the court immediately shall notify the appropriate child support enforcement agency that the order or notice has been terminated, and the agency immediately shall notify each payor or financial institution required to withhold or deduct a sum of money for the payment of support under the terminated * * * order * * *.[6]
In this case, the guardianship determination by the Probate Division created a necessary reason for Stacey and David Lee or Elizabeth and John Lee to notify the CSEA, pursuant to R.C. 3113.21(G)(4)(a), that the original support order should be terminated. Once notified, the CSEA then must conduct an investigation and report its findings to the court if the support order should terminate. The statute neither authorizes nor contemplates the CSEA's involvement beyond its duty to investigate and notify the trial court of the results of its investigation.[7] To find otherwise would render the directive found in R.C. 3113.21(G)(4)(c), "the court immediately shall notify [after hearing] the appropriate child support enforcement agency that the order or notice has been terminated[,]" superfluous.
This rationale is further buttressed by an examination of Civ.R. 75, which controls intervention in domestic relations cases. Therein it is provided that a party may be joined if they have "possession of, control of, or claim, an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support * * *."[8] This rule bars any intervention by the CSEA in this case because they neither have control, possession, nor an interest in any child support award.
The possession and control of the child support award rests directly with Stacey Lee and her employer pursuant to a wage withholding and indirectly with the trial court. Furthermore, the CSEA does not have an interest in the child support payment because its role is limited to being a mere conduit of the support between Stacey and David Lee. The CSEA itself has no interest in the child support payment apart from its purely administrative poundage assessment, which we find to be insufficient to support a "claim of interest in the property."[9]
This case, where the CSEA's role is limited, is distinguishable from those cases in which the obligee of support receives public assistance. As explained above, in cases such as the one herein, the CSEA has no interest in the child support payment aside from its purely administrative role. However, in situations where the obligee is receiving public assistance the obligee has, in effect, assigned their rights to child support to the Ohio Department of Human Services, of which the CSEA is a representative, thus giving the CSEA standing to initiate an action concerning child support.[10]
Because the CSEA was not made a party to this action and did not intervene to become a party and because, regardless of any intervention attempt, the applicable legal provisions do not provide for intervention, the CSEA does not have standing to bring this appeal. Accordingly, we must dismiss the appeal.Appeal dismissed.
HADLEY and BRYANT, JJ., concur.
[1] In re Kei'Andre P. (Feb. 16, 2001), Lucas App. Nos. L-00-1203, JC-99-7186, unreported, citing Januzzi v. Hickman (1991), 61 Ohio St.3d 40,45; State ex rel Lipson v. Hunter (1965), 2 Ohio St.2d 225, 225.
[2] State ex rel Lipson v. Hunter, supra; In re Collier (Feb. 4, 1992), Athens App. No. CA-1494, unreported.
[3] Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55-56 at fn. 3, citing Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus (emphasis added).
[4] In re Collier, supra, citing In re Guardianship of Love (1969),19 Ohio St.2d 111, 113.
[5] Januzzi v. Hickman, 61 Ohio St.3d at 45.
[6] R.C. 3113.21(G)(4)(a), (b), (c) (emphasis added).
[7] Rampi v. Rampi (Nov. 2, 1999), Stark App. No. 1999CA00011, unreported.
[8] Civ.R. 75(B)(1).
[9] Rampi v. Rampi, supra.
[10] See, generally, Cuyahoga Cty. Support Enforcement Agency v.Lozada (1995), 102 Ohio App.3d 442; Cuyahoga Cty. Support EnforcementAgency v. Lovelace (Dec. 7, 1995), Cuyahoga App. No. 68708, 68709, unreported; State ex rel Lamier v. Lamier (1995), 105 Ohio App.3d 797.