OPINION
This appeal arises from a decision by the Allen County Common Pleas Court, Domestic Relations Division, to overrule a motion filed by the Allen County Child Support Enforcement Agency to change the payee and modify a child support order following a guardianship determination by the Allen County Court of Common Pleas, Probate Division. Because we find that Appellant is not properly before this court, we dismiss the appeal.
On July 12, 1985, the Allen County Court of Common Pleas, Domestic Relations Division, entered judgment to dissolve the marriage of Jeffery and Jeneva Cash. Following this determination, the sole custody of their minor child was granted to Jeneva Cash and Jeffery Cash was ordered to pay child support. Pursuant to R.C. 3113.216, the Allen County Child Support Enforcement Agency ("CSEA") administratively reviewed the child support award to Jeneva Cash and moved for a modification based upon its findings. A judgment entry filed on October 15, 1991, ordered modification of support pursuant to the administrative review.
Meanwhile, on August 13, 1991, the Allen County Court of Common Pleas, Probate Division, issued Letters of Guardianship to Ruth Phalen over the minor child of Jeffery and Jeneva Cash. The CSEA failed to notify the trial court of this status at the time of the administrative review proceedings. Nearly eight years later, on May 24, 1999, the CSEA moved the Domestic Relations Division to make Ruth Phalen the child support payee and to order Jeneva Cash to appear at an oral hearing on the issue of child support. On May 27, 1999, the Domestic Relations Division properly joined Ruth Phalen as a third party to the action but did not enter judgment as to the other portions of the motion.
Thereafter, a hearing was held before the magistrate, and on March 15, 2000, the magistrate filed her recommendation. The CSEA filed objections to the magistrate's decision. These objections were overruled by the decision of the trial court, holding that it alone had continuing jurisdiction over the custody and support of the minor child pursuant to the prior divorce and child support modification proceedings; furthermore, since no order granting custody of the minor child to Ruth Phalen had been sought or granted by the Domestic Relations Division, the motion to establish her as the child support payee was overruled and dismissed.
From this decision, the CSEA appeals and asserts the following sole assignment of error.
 Assignment of Error I The trial court below committed prejudicial error holding that letters of guardianship issued by the Probate Division of the Court of Common Pleas after a decree of dissolution issued by the Domestic Relations Division of the Court of Common Pleas were void and not to be given any weight.
Because we find that the CSEA is not a proper party before this court, we must sua sponte dismiss the appeal for the following reasons.
Generally, one who was not a party to an action in a trial court has no right to directly appeal a judgment.[1] An exception to this rule pertains to a person who has attempted to intervene as a party in the proceedings below.[2] In other words, "appeal lies only on behalf of aparty aggrieved by the final order appealed from" and "[a]ppeals are not allowed for the purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant."[3] Additionally, in order to initiate an appeal, one must be able to demonstrate a "present interest in the subject matter of the litigation" and prejudice resulting from the trial court's judgment.[4]
Applying these rules to the case herein, we find that the CSEA never attempted to intervene in the trial court proceedings to become a party to this action. Furthermore, the record reflects that the CSEA merely moved the Domestic Relations Division to make Ruth Phalen the child support payee without any prior attempt to intervene and without any other involvement in this case aside from its administrative powers pursuant to R.C. 3113.216. While R.C. 3113.216 affords the CSEA the ability to periodically review child support awards, the final determination of whether or not a change in the amount of support will occur is ultimately left to the court. Thus, the CSEA's failure to intervene or otherwise properly become a party to this action is fatal to any argument that it has standing to appeal from the order of the trial court.[5] Any injury arising from the trial court's decision does not affect the CSEA because they were not a party to the action. Consequently, there is no justiciable issue before this court.
While a proper intervention would have given the CSEA standing to initiate this appeal, we must also point out that intervention in this situation is not envisioned in the applicable statutory provisions. R.C. 3113.21(G)(4)(a), (b), and (c) state the following:
 (4)(a) The parent who is the residential parent and legal custodian of a child for whom a support order is issued or the person who otherwise has custody of a child for whom a support order is issued immediately shall notify * * * the child support enforcement agency of any reason for which the support order should terminate[.] * * * Upon receipt of a notice pursuant to this division, the agency immediately shall conduct an investigation to determine if any reason exists for which the support order should terminate. * * * If the agency determines the order should terminate, it immediately shall notify the court that issued the support order of the reason for which the support order should terminate.
 (b) Upon receipt of a notice given pursuant to division (G)(4)(a) of this section, the court shall order the division of child support to impound any funds received for the child pursuant to the support order and the court shall set the case for a hearing for a determination of whether the support order should be terminated or modified or whether the court should take any other appropriate action.
 (c) If the court terminates a support order pursuant to divisions (G)(4)(a) and (b) of this section, * * * the court immediately shall notify the appropriate child support enforcement agency that the order or notice has been terminated, and the agency immediately shall notify each payor or financial institution required to withhold or deduct a sum of money for the payment of support under the terminated * * * order * * *.[6]
In this case, the guardianship determination by the Probate Division created a necessary reason for Jeffery Cash, Jeneva Cash, or Ruth Phalen to notify the CSEA, pursuant to R.C. 3113.21(G)(4)(a), that the original support order should be terminated. Once notified, the CSEA then must conduct an investigation and report its findings to the court if the support order should terminate. The statute never authorizes nor contemplates the CSEA's involvement beyond its duty to investigate and notify the trial court of the results of its investigation.[7] To find otherwise would render the directive found in R.C. 3113.21(G)(4)(c), "the court immediately shall notify [after hearing] the appropriate child support enforcement agency that the order or notice has been terminated[,]" superfluous.
This rationale is further buttressed by an examination of Civ.R. 75, which controls intervention in domestic relations cases. The pertinent section to this case states that a party may be joined if they have "possession of, control of, or claim an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support * * *."[8] This section further bars any intervention by the CSEA in this case because they neither have control, possession, nor an interest in any child support award.
The possession and control of the child support award rests directly with Jeffery Cash and his employer pursuant to a wage withholding and indirectly with the trial court. Furthermore, the CSEA does not have an interest in the child support payment because its role is limited to a mere conduit of the support between Jeffery and Jeneva Cash. The CSEA itself has no interest in the child support payment apart from its purely administrative poundage assessment, which we find to be insufficient to support a "claim of interest in the property."[9]
This case, where the CSEA's role is limited, is distinguishable from those cases in which the obligee of support receives public assistance. As explained above, in cases such as the one herein, the CSEA has no interest in the child support payment aside from its purely administrative role. However, in situations where the obligee is receiving public assistance the obligee has, in effect, assigned their rights to child support to the Ohio Department of Human Services, of which the CSEA is a representative, thus giving the CSEA standing to initiate any action concerning child support.[10]
Because the CSEA was not a party to this action and did not attempt to intervene to become a party, the CSEA does not have standing to bring this appeal. Accordingly, we must dismiss the appeal.Appeal dismissed.
BRYANT and HADLEY, JJ., concur.
[1] In re Kei' Andre P (Feb. 16, 2001), Lucas App. Nos. L-00-1203, JC-99-7186, unreported, citing Januzzi v. Hickman (1991), 61 Ohio St.3d 40,45; State ex rel Lipson v. Hunter (1965), 2 Ohio St.2d 225, 225.
[2] State ex rel Lipson, 2 Ohio St.2d at 225; In re Collier (Feb. 4, 1992), Athens App. No. CA-1494, unreported.
[3] Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55-56 at fn. 3, citing Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus (emphasis added).
[4] In re Collier, supra, citing In re Guardianship of Love (1969),19 Ohio St.2d 111, 113.
[5] Januzzi, 61 Ohio St.3d at 45.
[6] R.C. 3113.21(G)(4)(a), (b), (c) (emphasis added).
[7] Rampi v. Rampi (Nov. 2, 1999), Stark App. No. 1999CA00011, unreported.
[8] Civ.R. 75(B)(1).
[9] Rampi v. Rampi, supra.
[10] See, generally, Cuyahoga Cty. Support Enforcement Agency v.Lozada (1995), 102 Ohio App.3d 442; Cuyahoga Cty. Support EnforcementAgency v. Lovelace (Dec. 7, 1995), Cuyahoga App. Nos. 68708, 68709, unreported; State ex rel Lamier v. Lamier (1995), 105 Ohio App.3d 797.