OPINION
This appeal arises from a decision by the Allen County Court of Common Pleas, Domestic Relations Division, to overrule a Motion filed by the Allen County Child Support Enforcement Agency to add a party and change the payee for child support following a guardianship determination by the Allen County Court of Common Pleas, Probate Division. Because we find that Appellant is not properly before this court, we dismiss the action.
On March 7, 1986, the Allen County Court of Common Pleas, Domestic Relations Division, entered a Divorce Decree dissolving the marriage of Catherine Burton, formerly Catherine Yoakam, and Gregory Yoakam. Pursuant to the decree, sole custody of the parties' minor child was granted to Catherine Burton, and Gregory Yoakam was ordered to pay child support. Thereafter, based upon an arrearage in child support, the Allen County Child Support Enforcement Agency ("CSEA"), acting as Catherine Burton's attorney, filed a Motion for Additional Withholding for Arrearages against Gregory Yoakam, which was subsequently granted. Several months later, the CSEA in a non-representative capacity moved the court for an Order approving an Agreed Judgment Entry to increase child support, which was granted on July 12, 1989.
Thereafter, on December 1, 1992, the Domestic Relations Division entered judgment finding that Gregory Yoakam, by agreement of the parties, was to be designated as the residential parent and legal custodian of the parties' minor child. Pursuant to this judgment, no payment of child support was required of Catherine Burton, and all previously accrued or escrowed child support payments that were withheld pursuant to the July 12, 1989 Judgment Entry, were ordered released to Gregory Yoakam. The CSEA then filed another Motion to Approve Agreed Judgment Entry to rectify discrepancies in the December 1, 1992 Judgment Entry, which was granted. Then, on June 2, 1997, upon Catherine Burton's Motion to Reallocate Parental Rights and Responsibilities, the Domestic Relations Division entered judgment that she should again be the residential parent and legal custodian of the minor child and ordered Gregory Yoakam to pay child support.
On April 8, 1999, the Allen County Court of Common Pleas, Probate Division, issued Letters of Guardianship to Brenda Keller over Catherine Burton and Gregory Yoakam's minor child. Later that year, the Allen County Court of Common Pleas, Juvenile Division, found the minor child to be unruly and placed her in the custody of Gregory Yoakam. Meanwhile, after the Probate Division's guardianship determination, the CSEA filed a motion to add Brenda Keller as a party to the Domestic Relations Division's ongoing case involving Gregory Yoakam and Catherine Burton and to make her the child support payee.
A hearing on the motion was held before the magistrate, and on March 15, 2000, she issued her recommendation. The CSEA filed objections to the magistrate's decision, which the trial court overruled, holding that it would not exercise concurrent jurisdiction with the Juvenile Division because it had divested the Domestic Relations Division of jurisdiction by its finding that the minor child was unruly pursuant to R.C. 2151.23. Any requests for the establishment of support and other related issues should have, therefore, been made in the Juvenile Division.
From this decision, the CSEA appeals and asserts the following sole assignment of error.
 Assignment of Error I The trial court below committed prejudicial error holding that letters of guardianship issued by the Probate Division of the Court of Common Pleas after a decree of dissolution issued by the Domestic Relations Division of the Court of Common Pleas were void and not to be given any weight.
 Because we find that the CSEA is not a proper party before this court, we sua sponte dismiss this appeal for the following reasons.
Generally, one who was not a party to a case in a trial court has no right to directly appeal a judgment.[1] An exception to this rule pertains to a person who has attempted to intervene as a party in the proceedings below.[2] In other words, "appeal lies only on behalf of aparty aggrieved by the final order appealed from" and "[a]ppeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."[3] Additionally, in order to initiate an appeal one must be able to demonstrate a "present interest in the subject matter of the litigation" and prejudice resulting from the trial court's judgment.[4]
In this case, the CSEA never attempted to intervene in the trial court to become a party. The record reveals the CSEA's involvement in three instances prior to the motion that is the subject of this appeal. In 1988, the CSEA acted as Catherine Burton's attorney in a Motion for Additional Withholding for Arrearages; however, the CSEA's filing of a motion in the capacity of a party's attorney does not afford the agency party status in its own right for purposes of appeal. Additional involvement included the CSEA's filing of two separate motions, one in 1989 and the other in 1996, to approve agreed judgment entries entered into by Gregory Yoakam and Catherine Burton concerning child support. These filings by the CSEA, including the motion that is the basis of this appeal, merely reflect the CSEA's administrative function as the child support payment conduit between Gregory Yoakam and Catherine Burton. Consequently, the CSEA's failure to intervene and properly become a party to this action is fatal to any argument that it has standing to appeal from the order of the trial court.[5] Any injury arising from the trial court's decision was not directed at the CSEA because they were not a party to the action. Therefore, there is no justiciable issue before this court.
While a proper intervention would have given the CSEA standing to initiate this appeal, we must also point out that intervention in this situation is not envisioned in the applicable statutory provisions. R.C. 3113.21(G)(4)(a), (b), and (c) state the following:
 (4)(a) The parent who is the residential parent and legal custodian of a child for whom a support order is issued or the person who otherwise has custody of a child for whom a support order is issued immediately shall notify * * * the child support enforcement agency of any reason for which the support order should terminate[.] * * * Upon receipt of a notice pursuant to this division, the agency immediately shall conduct an investigation to determine if any reason exists for which the support order should terminate. * * * If the agency determines the order should terminate, it immediately shall notify the court that issued the support order of the reason for which the support order should terminate.
 (b) Upon receipt of a notice given pursuant to division (G)(4)(a) of this section, the court shall order the division of child support to impound any funds received for the child pursuant to the support order and the court shall set the case for a hearing for a determination of whether the support order should be terminated or modified or whether the court should take any other appropriate action.
 (c) If the court terminates a support order pursuant to divisions (G)(4)(a) and (b) of this section, * * * the court immediately shall notify the appropriate child support enforcement agency that the order or notice has been terminated, and the agency immediately shall notify each payor or financial institution required to withhold or deduct a sum of money for the payment of support under the terminated * * * order * * *.[6]
 In this case, the guardianship determination by the Probate Division created a necessary reason for Gregory Yoakam, Catherine Burton, or Brenda Keller to notify the CSEA, pursuant to R.C. 3113.21(G)(4)(a), that the June 2, 1997 Judgment Entry allocating child support in favor of Catherine Burton should be terminated. Once notified, the CSEA would then be required to conduct an investigation and report its findings to the court if they determined that the support order should terminate. The statute neither authorizes nor contemplates the CSEA's involvement beyond its duty to investigate and notify the trial court of the results of its investigation.[7] To find otherwise would render the directive found in R.C. 3113.21(G)(4)(c), "the court immediately shall notify [after hearing] the appropriate child support enforcement agency that the order or notice has been terminated[,]" superfluous.
This rationale is further buttressed by an examination of Civ.R. 75, which controls intervention in domestic relations cases. Therein it is provided that a party may be joined if they have "possession of, control of, or claim, an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support * * *."[8] This rule bars any intervention by the CSEA in this case because they neither have control, possession, nor an interest in any child support award.
The possession and control of the child support award rests directly with Gregory Yoakam and his employer pursuant to a wage withholding and indirectly with the trial court. Furthermore, the CSEA does not have an interest in the child support payment because its role is limited to being a mere conduit of the support between Gregory Yoakam and Catherine Burton. The CSEA itself has no interest in the child support payment apart from its purely administrative poundage assessment, which we find to be insufficient to support a "claim of interest in the property."[9]
This case, where the CSEA's role is limited, is distinguishable from those cases in which the obligee of support receives public assistance. As explained above, in cases such as the one herein, the CSEA has no interest in the child support payment aside from its purely administrative role. However, in situations where the obligee is receiving public assistance the obligee has, in effect, assigned their rights to child support to the Ohio Department of Human Services, of which the CSEA is a representative, thus giving the CSEA standing to initiate an action concerning child support.[10]
 Because the CSEA was not a party to this action and did not attempt to intervene to become a party, the CSEA does not have standing to bring this appeal. Accordingly, we must dismiss the appeal. Appeal dismissed.
HADLEY and BRYANT, JJ., concur.
[1] In re Kei' Andre P. (Feb. 16, 2001), Lucas App. Nos. L-00-1203, JC-99-7186, unreported, citing Januzzi v. Hickman (1991), 61 Ohio St.3d 40,45; State ex rel. Lipson v. Hunter (1965), 2 Ohio St.2d 225, 225.
[2] State ex rel. Lipson, 2 Ohio St.2d at 225. In re Collier (Feb. 4, 1992), Athens App. No. CA-1494, unreported.
[3] Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55-56 at fn. 3, citing Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus (emphasis added).
[4] In re Collier, supra, citing In re Guardianship of Love v.Tupman (1969), 19 Ohio St.2d 111, 113.
[5] Januzzi, 61 Ohio St.3d at 45.
[6] R.C. 3113.21(G)(4)(a), (b), (c) (emphasis added).
[7] Rampi v. Rampi (Nov. 2, 1999), Stark App. No. 1999CA00011, unreported.
[8] Civ.R. 75(B)(1).
[9] Rampi v. Rampi, supra.
[10] See, generally, Cuyahoga Cty. Support Enforcement Agency v.Lozada (1995), 102 Ohio App.3d 442; Cuyahoga Cty. Support EnforcementAgency v. Lovelace (Dec. 7, 1995), Cuyahoga App. Nos. 68708, 68709, unreported; State ex rel Lamier v. Lamier (1995), 105 Ohio App.3d 797.