DECISION AND JUDGMENT ENTRY
Appellants Mack and Rita Griffith, maternal grandparents of Michael, Christopher, and Christina Fusik, appeal the decision of the Athens County Court of Common Pleas, Juvenile Division, which denied their motion to be treated as parties, or for leave to intervene, in custody proceedings involving their grandchildren. Appellants assert that the lower court erred by not granting their motion because appellants had previously been granted custody of the children and stood in loco parentis.
For the reasons that follow, we agree with appellants and reverse the decision of the juvenile court.
 Juvenile Court Proceedings
In October 2000, Appellee Athens County Children Services (ACCS) filed a complaint alleging that Michael Fusik,[1] born September 2, 1996, and his twin siblings, Christopher and Christina Fusik, born January 25, 2000, were neglected and dependent children. Summonses were issued along with the complaint to Appellee Paul Fusik, the children's father, Pamela Fusik, the children's mother, and Appellants Mack and Rita Griffith, the children's maternal grandparents. Although appellants did not have physical custody of the children at the time the complaint was filed, appellants did have legal custody of the children.
According to the complaint, Christopher and Christina were born in Cleveland, Ohio. When they were born, both the children and their mother tested positive for cocaine. Whereupon, Cuyahoga County Children Services filed a complaint alleging that all three children were neglected and dependent due to parental substance abuse. The Cuyahoga County complaint further alleged that Pamela Fusik's mental and emotional problems also placed the children at risk. In early February 2000, by agreement of the parties, the Fusik children were found to be neglected and dependent and legal custody was given to the children's maternal grandparents, Appellants Mack and Rita Griffith, who lived in Athens County, Ohio.[2]
The Fusik children moved in with appellants.
Pamela Fusik moved into her parents' home along with her children. However, in May 2000, appellants evidently instructed Pamela to leave their home, and to take Michael, Christopher, and Christina with her, even though they retained legal custody of the children by virtue of the Cuyahoga County order.
Pamela and her children moved into a home in Athens, Ohio, with her husband Paul Fusik, the children's father. However, in early September 2000, the family was evicted from this residence for nonpayment of rent and they returned to live in appellants' home.
However, after one night at appellants' residence, appellants ordered Pamela, Paul, and the children to leave their home. Appellee Paul Fusik, Pamela Fusik, and the three children left appellants' home and moved into a homeless shelter.
Shortly thereafter, ACCS's complaint was filed, and the juvenile court appointed a guardian ad litem for the children.
On November 9, 2000, a pre-trial hearing was held and the parties, including appellants, entered into an agreement for the adjudication and disposition of the children. The juvenile court subsequently journalized this agreement. Pursuant to the agreement, the Fusik children were found to be dependent and the allegations of neglect were dismissed. Temporary custody was granted to the natural parents, Paul and Pamela Fusik, while a protective supervision order was granted in favor of ACCS. In addition, a case plan for full reunification of the children with their natural parents was filed by ACCS and agreed to by all the parties involved.
In February 2001, the juvenile court issued an order that extended the original order maintaining the same conditions for custody in favor of Paul and Pamela Fusik.
In March 2001, ACCS moved the court for an emergency temporary custody order due to Pamela Fusik's sudden death and Appellee Paul Fusik's arrest on charges of domestic violence in connection with his wife's death. Eventually, Paul Fusik was indicted for felony domestic violence and involuntary manslaughter. A hearing was held on ACCS's motion and the trial court granted ACCS's motion, granting custody of Michael, Christopher, and Christina to ACCS.
In late April 2001, another hearing was held by the juvenile court at which ACCS moved the court for a ruling on whether appellants were parties to the juvenile proceedings. The court postponed deciding this issue until a later hearing was held addressing it.
In May 2001, after another hearing, the trial court held that appellants Mack and Rita Griffith, the Fusik children's maternal grandparents, were not parties to the proceedings.
For several months following this last hearing, ACCS apparently considered placing the children with appellants. Home studies of appellants' home were conducted and filed. Psychological reports of Mack Griffith were also filed. Throughout this time period, the grandparents were permitted to visit with the children.[3]
In January 2002, appellants filed a motion to intervene or be treated as parties. Subsequently, appellees ACCS and the guardian ad litem filed memoranda contra to appellants' motion.
In March 2002, the trial court denied appellants' motion and extended ACCS's custody of the children for six months.
 The Appeal
Appellants timely filed their notice of appeal and present the following assignment of error for our review: "It was error for the trial court, in a neglect case brought pursuant to Chapter 2151 of the Ohio Revised Code, to deny party status to grandparents who have a valid custody order and who had stood in loco parentis to the children and against whom the allegations of the complaint were directed; and it was an abuse of discretion for the trial court to deny the grandparents' motion for leave to intervene."
At the outset, we note that we are not reviewing the juvenile court's judgment from May 2001, wherein the court held that appellants were not parties to the proceedings and dismissed them from the case. The sole issue properly presented for our review is whether the juvenile court erred in denying appellants' motion for leave to intervene or to be treated as parties. Thus, the propriety of the juvenile court's May 2001 ruling will not be addressed by this Court.
 I. Standing
Appellants' sole assignment of error is that the juvenile court improperly overruled their motion to intervene as parties to the action below. A companion argument is raised by this assigned error: whether appellants have standing to bring this appeal as they were not parties to juvenile court proceedings.
One who was not a party to an action generally has no right of direct appeal. See Whiteside, Ohio Appellate Practice (2001) 31, Section 1.27;State ex rel. Lipson v. Hunter (1965), 2 Ohio St.2d 225, 208 N.E.2d 133. However, a well-settled exception to this rule is that one who has attempted to intervene as a party does have the requisite standing. SeeHunter, supra; Januzzi v. Hickman (1991), 61 Ohio St.3d 40, 45,572 N.E.2d 642. Nevertheless, that person must also be able to demonstrate "a present interest in the subject matter of the litigation" and prejudice resulting from the lower court's judgment. See In reGuardianship of Love (1969), 19 Ohio St.2d 111, 249 N.E.2d 794; see, also, In re Grand Jury (June 1, 1995), Washington App. No. 93CA09, 93CA10, 93CA12.
Applying these principles to the case sub judice, it is apparent that appellants have standing to appeal. Appellants attempted to intervene as parties in the juvenile court proceedings, and given their position as the maternal grandparents of the minor children, as well as an apparent desire to be involved in their upbringing, the grandparents' interest in the litigation and resulting prejudice is evident.
Accordingly we now turn to appellants' argument that the trial court erred in denying their motion to intervene.
 II. Intervention
Appellate review of the issue presented to the Court in the case sub judice utilizes the "abuse of discretion" standard. See In re Hartley
(Oct. 13, 1988), Athens App. No. 1399; In re Thompson (Mar. 7, 1990), Jackson App. No. 606. An abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See Statev. Clark, 71 Ohio St.3d 466, 470, 1994-Ohio-43, 644 N.E.2d 331. To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias." Nakoff v. Fairview Gen. Hosp., 75 Ohio St.3d 254, 256,1996-Ohio-159, 662 N.E.2d 1.
Generally, grandparents have no legal rights of access to their grandchildren. See In re Whitaker (1988), 36 Ohio St.3d 213, 214,522 N.E.2d 563; In re Martin, 68 Ohio St.3d 250, 1994-Ohio-506,626 N.E.2d 82. Additionally, grandparents have no constitutional right of association with their grandchildren. See In re Schmidt (1986),25 Ohio St.3d 331, 336, 496 N.E.2d 952; Martin, supra. Accordingly, grandparents generally are not parties to actions pursuant to Chapter 2151 of the Ohio Revised Code. See id.
Nevertheless, there are some circumstances in which grandparents are proper parties to juvenile proceedings. R.C. 3109.28 provides in relevant part, "that a person not a party to the parenting proceeding [who] has physical custody of the child * * * [or] claims to be any other person with custody of the child, or claims to have * * * visitation rights with respect to the child shall * * * be joined as a party and to be duly notified of the pendency of the proceeding and of the person's joinder as a party."
At the time appellants filed their motion to intervene, they did not have physical custody of Michael, Christopher, or Christina. However, appellants rely heavily on the order from the Cuyahoga County Court of Common Pleas, Juvenile Division, which granted them legal custody in February 2000. We are unconvinced by appellees' arguments that this prior order had been superseded in its entirety by the agreed judgment entered by the trial court in late 2000. Neither can we find that the late 2000 judgment entry terminated, in every aspect, appellants' rights to custody or visitation with the children. It is apparent, from the face of the late 2000 judgment entry, that appellants relinquished only temporary custody of their grandchildren.
Accordingly, we find that the juvenile court erred in its application of R.C. 3109.28 when it rejected the Griffiths' motion to intervene. In order to be joined as parties to the proceedings, appellants needed to show a colorable claim of a right to custody of or visitation with their grandchildren, which they have done.[4]
Likewise, appellants could have intervened as a matter of right pursuant to Civ.R. 24(A), because they had a legal interest in the care and custody of their grandchildren stemming from the Cuyahoga County order. The Supreme Court of Ohio stated in In re Schmidt that, "[appellants] desire for custody or visitation cannot be construed as a legal right to custody or visitation, [appellants'] concern for their [grandchildren's] welfare cannot be construed as a legal interest that falls within the scope of Civ.R. 24(A)." In re Schmidt, 25 Ohio St.3d 331,336, 496 N.E.2d 952. However, in the case sub judice, appellants, pursuant to a prior order, had custodial rights to their grandchildren.
Accordingly, we find that the juvenile court abused its discretion by denying appellants' motion to intervene. Therefore, we sustain appellants' sole assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.
[1] We note that the record is unclear as to Michael's proper name; itrefers to him as both Michael Church and Michael Fusik. For purposes ofour discussion, we refer to him as Michael Fusik.
[2] Appellants also have custody of Pamela's oldest child JessicaChurch, however, she has never been the subject of the proceedingsbelow.
[3] We note that visitation between appellants and Michael waseventually terminated because of Michael's adverse reactions to thosevisits as illustrated by his regression to prior behavioral problems andnightmares.
[4] As an aside, we further note that pursuant to R.C. 3109.11,appellants could have filed a complaint with the juvenile court seekingvisitation rights with their grandchildren, such action being subject tothe juvenile court's determination that visitation would be in the bestinterest of the children. See R.C. 3109.11.