[Cite as *Bustillos v. Bell*, 2012-Ohio-3320.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

LISA M. BUSTILLOS, ET AL.,

    PLAINTIFFS-APPELLANTS/
    CROSS-APPELLEES,               CASE NO.  5-11-44

    v.

MICHELLE BELL, ET AL.,            O P I N I O N

    DEFENDANTS-APPELLEES/
    CROSS-APPELLANTS.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2009-CV-00226

**Judgment Affirmed**

Date of Decision:  July 23, 2012

APPEARANCES:

    *John C. Filkins*  for Appellants/Cross-Appellees

    *Robert B. Hollister*  for Appellees/Cross-Appellants

Case No. 5-11-44

**SHAW, P.J.**

{¶1} Plaintiff-appellants/cross-appellees, Lisa Bustillos and Rick Bustillos (hereinafter, where referred to collectively, "the Bustillos") appeal the November 1, 2011, judgment of the Hancock County Common Pleas Court awarding them $630 on their conversion claims against defendant-appellees/cross-appellants, Michelle Bell and David Bell (hereinafter, where referred to collectively, "the Bells"). The Bells also appeal the November 1, 2011, judgment denying their counterclaim for, among other things, lost rent.

{¶2} The facts relevant to this appeal are as follows. Plaintiff Lisa Bustillos is the daughter of defendant Michelle Bell. In January of 2005, the Bustillos began leasing property at 8517 Township Road 237, Findlay, Ohio from the Bells, with the intention of eventually purchasing the property. In January of 2008, the Bustillos stopped making payments on the residence. Sometime between January of 2008 and November of 2008, the Bustillos and the Bells had a falling out and were not on speaking terms.

{¶3} In November of 2008, the Bustillos went to Texas and were still there in January of 2009. On January 9, 2009, the Bells went to the residence on Twp Road 237 and claimed that they found the back door kicked in with various items taken from the residence. On January 10, 2009, the Bells rented a UHaul trailer

and removed various items from the residence claiming that some of the items belonged to the Bells and the other items were taken to protect them.

{¶4} Several days after the Bells entered the residence, the Bustillos returned to the property. The Bustillos claimed that many of their things were missing, and claimed that their house was damaged. The Bustillos accused the Bells of damaging the home and taking *all* of the items that were allegedly missing. The Bells disputed those claims.

{¶5} On March 18, 2009, the Bustillos filed a complaint against the Bells seeking the return of specific personal property, or in the alternative its monetary value in excess of $47,000, taken from the residence at Township Road 237.[1] The Bustillos also sought compensation for repairs they undertook on the home as a result of the damage they blamed on the Bells.

{¶6} On May 14, 2010, the Bells filed their answer to the Bustillos' complaint, denying all allegations and asserting several affirmative defenses.[2] The Bells also filed a counterclaim against the Bustillos claiming that "as a direct and proximate result of [the Bustillos] failure to pay rent, [the Bells] lost rents, lost the value of the property and incurred additional expenses which caused them to file bankruptcy." (Doc. 40).

---

[1] Specific itemization of the personal property purportedly taken can be found in Plaintiff's Exhibit 5.
[2] The answer was not filed for over a year because the case had been stayed due to the Bells filing for bankruptcy.

{¶7} On August 22-23, 2011, the case proceeded to a bench trial. The parties, as well as several family members and friends, testified to the court. Following the trial, the parties respectively filed proposed findings of facts and conclusions of law. (Docs. 73, 74).

{¶8} On November 1, 2011, the trial court filed its "Judgment Entry and Order." (Doc. 75). As to the Bustillos' claim against the Bells for conversion, the trial court found that the Bustillos had established a right to possession to all but two of the items they were claiming were converted, but the trial court found that the Bustillos had only proven by a preponderance of the evidence that 10 items were actually converted by the Bells.[3] The trial court awarded damages where damages were proven for the converted items and then awarded nominal damages for the other items where the court found value had not been proven. In total, the Bustillos were awarded $630 and the Bells were ordered to pay the court costs.

{¶9} As to the Bells' counterclaim, the trial court found that the Bells had not "proven by a preponderance of the evidence that Plaintiffs [were] liable for unpaid rent on the property at 8517 Twp. Road." (Doc. 75).

---

[3] The "Judgment Entry and Order" lists nine separate items: 1 dining room table, 5 dining room chairs, 1 refrigerator, 1 large zebra painting, 1 power washer, various bottles of homemade wine, 1 Harley Davidson motorcycle, 1 baker's rack, and 1 washer and dryer. A tenth item was included in the damage values section, 1 air compressor. The air compressor was one of the items that the Bells admitted removing from the residence. Thus while the court did not list the air compressor with the other nine items, it appears that the court implicitly found the air compressor was also converted.

{¶10} It is from the November 1, 2011 "Judgment Entry and Order" that both the Bustillos and the Bells appeal. The Bustillos assert the following assignment of error for our review.

### BUSTILLOS' ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT THE APPELLEES HAD WRONGFULLY CONVERTED THE APPELLANTS' PERSONAL PROPERTY BUT THEN LIMITED APPELLANTS' RECOVERY TO ONLY SOME OF THOSE ITEMS OF PERSONAL PROPERTY THAT APPELLEES ADMITTED REMOVING AND DID NOT AWARD DAMAGES AS TO ALL OF THE ITEMS OF PERSONAL PROPERTY TAKEN.**

{¶11} The Bells' cross-appeal asserts the following assignment of error for our review.

### BELLS'ASSIGNMENT OF ERROR

**THE TRIAL COURT'S JUDGMENT THAT THE BELLS WAIVED THE BUSTILLOS' LEASE PAYMENTS ON THE 8517 TOWNSHIP ROAD 237 PROPERTY FROM JANUARY 2008 THROUGH MARCH 2009 SHOULD BE REVERSED BECAUSE IT IS NOT IN ACCORD WITH OHIO LAW ON WAIVER AND BECAUSE IT IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.**

{¶12} Due to the nature of the disposition, we elect to address the assignments of error together.

Case No. 5-11-44

*Bustillos' Assignment of Error and Bells' Assignment of Error*

{¶13} In the Bustillos' assignment of error, they challenge the findings of the court with regard to the items that had been proven converted and the value of those items. Essentially the Bustillos argue that the trial court's judgment was against the manifest weight of the evidence.

{¶14} The Ohio Supreme Court has recently clarified and explained the standard of review to be applied when assessing the manifest weight of the evidence in a civil case. *Eastley v. Volkman*, --- Ohio St.3d ---, 2012-Ohio-2179. In *Eastley*, the court held that the standard of review for the manifest weight of the evidence established in *State v. Thompkins*, 78 Ohio St.3d 380 (1997), is also applicable in civil cases. *Id*. at ¶ 17-19. Consequently, when reviewing the weight of the evidence, our analysis must determine whether the trial court's judgment was supported by the greater amount of credible evidence, and whether the plaintiff met its burden of persuasion, which is by a preponderance of the evidence. *Id*. at ¶ 19. We are mindful that, in a bench trial, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). It follows that, "[i]f the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the

verdict and judgment, most favorable to sustaining the verdict and judgment." *Id.* at fn. 3, quoting 5 Ohio Jurisprudence 3d. Appellate Review, Section 60, at 191-92 (1978).

{¶15} In the Bells' assignment of error, they challenge the finding of the court that the Bells had not proven the Bustillos were liable for unpaid rent by a preponderance of the evidence. The trial court found first that the Bells waived their contractual right to payments, and second that the Bells "have not proven by a preponderance of the evidence that [the Bustillos] are liable for unpaid rent on the property at 8517 Twp Road." (Doc. 75).

{¶16} The Bells do not dispute that a trial court's finding of waiver is a factual determination within the province of the trier of fact. (Appt.'s Br. 9); *EAC Properties, LLC v. Brightwell*, 10th Dist. No. 10 AP 853, 2011-Ohio-2373, ¶ 23. The question of waiver is usually a fact-driven issue and an appellate court will not reverse a finding of waiver absent a showing of an abuse of discretion. *ACRS, Inc. v. Blue Cross and Blue Shield of Minnesota*, 131 Ohio App.3d 450, 456 (8th Dist.1998), citing *Phillips v. Lee Homes, Inc.*, (Feb. 17, 1994), Cuyahoga App. No. 64353, unreported, 1994 WL 50696. An abuse of discretion connotes more than an error in law or judgment but implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Case No. 5-11-44

{¶17} In accordance with the foregoing standards of review, the record reveals that the trial court has thoroughly addressed all of the relevant factual and legal issues pertaining to this appeal in its "Judgment Entry and Order" dated November 1, 2011, awarding the Bustillos $630 for their conversion claims and denying the counterclaim of the Bells. Accordingly, we hereby adopt the final judgment entry of the trial court dated November 1, 2011, incorporated and attached hereto as Exhibit A,[4] as our opinion of this case. For the reasons stated therein, both the Bustillos' and the Bells' assignments of error are overruled and the judgment of the Hancock County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[4] On page 7 of the November 1, 2011 Judgment Entry there is a clerical error with relation to the citation of *Fisher v. Barker*. The citation should read as "159 Ohio App.3d 745, 749" as opposed to "259 Ohio App. 3d 745, 749."

Case No. 5-11-44

EXHIBIT "A"

HANCOCK COUNTY, OHIO
FILED

2011 NOV -1  P 4: 06

C_____
CLERK OF COURTS

IN THE COMMON PLEAS COURT OF HANCOCK COUNTY, OHIO

LISA M. BUSTILLOS, et al.,
           Plaintiffs,

vs.

MICHELLE BELL, et al.,
           Defendants.

Case No. 2009-CV-00226

**JUDGMENT ENTRY AND ORDER**

November 1, 2011

This day this cause comes on the Court's consideration and decision as to the issues herein taken under advisement by the Court as a result of the court trial that occurred on August 22 and 23, 2011. On August 29, 2011, the Court ordered that each party file proposed findings of fact and conclusions of law on or before September 9, 2011. On September 12, 2011, plaintiffs Lisa M. Bustillos and Rick Bustillos filed Plaintiffs' Proposed Findings of Fact and Conclusions of Law, through counsel of record John C. Filkins. On September 12, 2011, Defendants Michelle Bell and David Bell filed Defendants' Findings of Fact and Conclusions of Law, through counsel of record Robert B. Hollister.

The Court had hoped with the passage of time that the litigants involved in this case, who are all family members, could resolve their differences without intervention of the legal system. It is the parties in this matter, not the Court, that best understand the inter-family relationships which exist between the parties and the witnesses, as well as the special significance that items of personal property may have to the family.

-9-

R352 - 1940

Case No. 5-11-44

Case No. 5-11-44

## FINDINGS OF FACT

At the trial of this cause, the Court heard the testimony of Plaintiffs Lisa M. Bustillos and Rick Bustillos, as well as the testimony of Defendants Michelle Bell and David Bell. In addition, several additional family members and friends of the parties to this litigation also testified. These other persons included Danielle Peters, Susan Bell, Greg Bell, Brad McCarty, Tonya Bell, Teresa Greer, Linda Peiffer, and Larry Peiffer.

In January 2005, Plaintiffs Lisa and Rick Bustillos began leasing the property at 8517 Twp Road 237, Findlay, Ohio from Defendants Michelle and David Bell, with the intention of eventually purchasing the property. Plaintiffs made monthly mortgage payments, with intermittent financial assistance, through December 2008. From January 2008 until the time the Plaintiffs vacated the property in March 2009, Plaintiffs made no mortgage payments. Monthly payments on the property were to be $1,310.57. (Def. Ex. A). In December 2005, the mortgage was refinanced through M&T Bank, raising the monthly payment to $1,344.17. (Def. Ex. D).

Sometime between January 2008 and November 2008, Plaintiffs and Defendants had a falling out and were not on speaking terms.

In November 2008, Plaintiffs temporarily moved to Texas. Defendants learned of this sometime in late November 2008. On January 9, 2009, Defendants entered the residence on Twp Road 237 and found the back door kicked in and various items taken from the residence. On January 10, 2009, the Defendants returned with a rented UHaul trailer and removed various items from the residence. These items are as follows:

- 1 Power Washer
- 1 Leaf Blower
- 1 Air Compressor
- 1 Dining Room Table and 5 Chairs
- 1 Baker's Rack
- 1 Large Zebra Picture

-10-

R352-1941

BUSTILLOS v. BELL, 2009-CV-226, Pg. 3

- 1 Refrigerator
- 1 Stove
- 1 Washer and Dryer
- Various bottles of homemade wine
- 1 Harley Davidson Motorcycle

Defendants then took these items to a rented temporary storage unit. Defendants testified that they removed these items as a means of protecting them. Plaintiffs returned from Texas shortly after learning of the incident, a few days after January 10, 2009 and filed a report with the Hancock County Sheriff's Office. Sometime thereafter, Plaintiff Lisa Bustillos called Defendant Michelle Bell and said that she wanted her possessions returned.

Defendants never informed the Plaintiffs they had removed any of the items from the residence and never called law enforcement to alert them as to the residence being allegedly broken into when they discovered as much on January 9, 2009. Furthermore, Defendants contend that they returned the motorcycle to the Plaintiffs on January 23, 2009. On that date, Defendants never alerted Plaintiffs to their returning the motorcycle, only leaving the motorcycle in the driveway after observing that the Plaintiffs were in the residence. Plaintiffs testified that they have never seen the motorcycle again.

## EXHIBITS

The following exhibits were admitted into evidence at trial:

**Plaintiffs' Exhibits:**

1. Hancock Co. Ohio Sheriff's Office incident report, dated Jan. 12, 2009
2. Certificate of Title for 1981 Harley Davidson motorcycle
3. Registration for 1996 motorcycle trailer
5. Plaintiffs' listing and valuation of property alleged as taken from their residence
5-1. Copy of Exhibit 5 with marks beside items purchased before Plaintiffs filed for bankruptcy
6. Letter from Rick Bustillos' mother, Rebecca S. Brickner, to Michelle Bell with check for $10,000 enclosed
7. Copy of Check from Rebecca S. Brickner to Michelle Bell for $10,000

R 352-1942

-11-

BUSTILLOS v. BELL, 2009-CV-226, Pg. 4

8. Wire Transfer of $1,395.00 from Lisa Bustillos to Fifth Third Bank dated July 29, 2008

9. Copy of handwritten notes, dated Feb. 19, 2009, regarding repairs to home, sheriff's report, order of sale of real estate, and sheriff's return

11. Copy of Defendants Michelle and David Bells' bankruptcy petition, filed Nov. 10, 2008

12. Copy of mini-storage receipt, paid on Jan. 30, 2009

14. Temporary forebearance agreement between Defendants and M&T Bank, dated Sept. 15, 2008

15. UHaul trailer receipt listing Michelle Bell as customer, dated Jan. 11, 2009

16. Pictures of residence at 8517 Twp Road 237 before and after the alleged conversion, individual pages of exhibit numbered 1 through 23

**Defendants' Exhibits:**

A. Wells Fargo estimate of settlement costs on mortgage, dated Jan. 7, 2005

B. Copy of Cashier's check from Defendants to Mid-American Title Agency, dated Jan. 20, 2005

C. Bankruptcy Petition of Plaintiffs Lisa and Rick Bustillos, filed April 6, 2006

D. Letter from M&T Bank to Defendants on mortgage delinquency

E. Letter from M&T Bank to Defendants on default, dated February 11, 2008

F. Letter from M&T Bank to Defendants on "workout," dated February 26, 2008

G. Foreclosure complaint against Defendants, filed June 6, 2008

H. Letter to Defendants on Loan Reinstatement, dated August 25, 2008

I. Notice of sale of property at 8517 Twp Road 237, dated May 26, 2009

J. Judgment entry confirming sale of property, filed July 8, 2009

K. Receipt for UHaul trailer with Michelle Bell as customer, dated January 11, 2009

L. Receipt for Baker's Rack valued at $30, David Bell listed as customer, dated September 11, 2005

M. Receipt from ABC Appliance showing cost of Washer and Dryer as $1,635.93, Michelle Bell listed as customer, dated June 12, 2009

N. Photographs of picnic tables listed separately as N1, N2, and N3.

O. Delinquent electric bill for 8517 Twp Road 237, Lisa Bustillos listed as customer, dated Dec. 5, 2008

P. Delinquent electric bill for 8517 Twp Road 237, Lisa Bustillos listed as customer, dated Nov. 5, 2008


## CONCLUSIONS OF LAW

### I. Plaintiffs' Claim of Conversion

In a civil action for conversion, plaintiffs carry the burden of proof by a preponderance of the evidence that defendants "wrongfully exercised dominion and control over

R352-1943

BUSTILLOS v. BELL, 2009-CV-226, Pg. 5

property in exclusion of or inconsistent with the plaintiff's rights" and furthermore must prove damages. *Coyne v. Stapleton* (2007), 12th Dist., Case No. CA2006-10-080, 2007-Ohio-6170, ¶ 37. The elements of conversion include: "(1) plaintiff' ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Id.* (citations omitted). Also, a plaintiff must request that the items at issue be returned, which was done in this case by Plaintiff Lisa Bustillos calling Defendant Michelle Bell and asking for the property to be returned. In regards to this case, Plaintiffs must show by a preponderance of the evidence that they had proper title to the items in question, that Defendants wrongfully "exercised dominion and control" over the items in question, and the value of the property converted. The measure of damages in an action for conversion is the value of the property at the time it was converted. *Cong. Lake Club v. Witte* (2008), 5th Dist., Case No. 2007CA00191, 2008-Ohio-6799, ¶ 66 (*quoting Tabar v. Charlie's Towing Serv., Inc.* (1994), 97 Ohio App. 3d 423, 427-28, 646 N.E.2d 1132).

As to the first element, the Court finds that Plaintiffs have proven by a preponderance of the evidence that they held ownership or right to possession on all but two of the items claimed converted. This is documented in the trial testimony and various certificates of title. (Pl. Ex. 2-3). One item to which Plaintiffs did not prove ownership was the stove, which was a fixture in the home, and the home was at all times owned and titled to Defendants. The other item to which the Court finds a failure of proof was the leaf blower kept in the garage. Defendant David Bell's testimony indicated that, while various other items were purchased by Defendants as gifts for the Plaintiffs, the leaf blower was merely *loaned* to the Plaintiffs.

-13-

R352-1944

BUSTILLOS v. BELL, ___09-CV-226, Pg. 6

As to the second element of conversion, the Court finds that Plaintiffs have proven by a preponderance of the evidence that Defendants wrongfully exercised dominion or possession over the following items only:

- 1 dining room table
- 5 dining room chairs
- 1 refrigerator
- 1 large zebra painting
- 1 power washer
- Various bottles of homemade wine
- 1 Harley Davidson motorcycle
- 1 baker's rack
- 1 washer and dryer

These findings are supported by the fact that these items were admitted as being taken by the Defendants at trial. There is not sufficient evidence that shows, by a preponderance of the evidence, that Defendants wrongfully removed and possessed any other items.

Finally, the Plaintiffs must prove, by a preponderance of the evidence, the value of these items at the time they were converted. An award of damages must be shown by a "reasonable degree of certainty and in some manner other than mere speculation, conjecture, or surmise." *Elias v. Gammel* (2004), 8th Dist., Case No. 83365, 2004-Ohio-3464, ¶ 25 (citations omitted). At trial, Plaintiff Lisa Bustillos went through Plaintiffs' Exhibit 5 so as to indicate what type of valuations she had performed, either by researching their replacement cost or the price paid to initially purchase them. The original value of a converted item is an improper basis upon which to base an award of damages in a conversion claim. *Downard v. Gilliand* (2008), 4th Dist., Case No. 07CA11, 2008-Ohio-3155, ¶ 9. The correct basis for valuation if the market value of the property immediately before its loss. *Id.* at ¶8 (citations omitted). However, when market value at the time of conversion cannot be feasibly obtained, a replacement standard is that of the property's "standard value to the owner." *Id.* (citations omitted). "Standard value to the

-14-

R352-1945

BUSTILLOS v. BELL, 2009-CV-226, Pg. 7

owner" may represent personal or sentimental value, and the owner is particularly well suited to give an opinion as to such items. *Id.* With those parameters in mind, the Court finds that the Plaintiffs have proven by a preponderance of the evidence the following damage values:

- 1 large zebra picture: $100. (Valuation based on Lisa Bustillos' testimony.)

- 1 baker's rack: $30. (Valuation based on Defendant's Exhibit L, Menards receipt.)

- Miscellaneous bottles of wine: $100. (Valuation based on Lisa Bustillos' testimony.)

- 1 air compressor: $150. (Valuation based on Lisa Bustillos' testimony.)

- 1 dining room table and 5 chairs: $75. (Valuation based on Michelle Bells' testimony.)

- 1 Dryer: $75. (Valuation based Michelle Bells' testimony.)

As to all other items, the Court finds that the Plaintiffs have not met their burden of proving damages by a preponderance of the evidence. If damages have not been proven by a preponderance of the evidence, nominal damages are still appropriate when it has been proven that property was converted. *Fisher v. Barker* (2005), 259 Ohio App. 3d 745, 749, 825 N.E.2d 244, 247 (citations omitted). Nominal damages are therefore awarded to the Plaintiffs in the amount of $100.

Furthermore, because Plaintiffs have not proven by a preponderance of the evidence that Defendants caused damage to the property on Twp Road 237, the Court shall not award damages for repairs to the home, listed in Plaintiffs' Exhibit 5 as totaling $2,472.

## II. Defendants' Counterclaim for Past-Due Rent

Defendants' counterclaim contends that Plaintiffs failed to pay rent from January 2008 to March 2009, when they vacated the property on Twp Road 237. The testimony at trial

-15-

R352-1946

BUSTILLOS v. BELL, __09-CV-226, Pg. 8

showed that Defendants had entered into a oral lease agreement to occupy the Twp Road 237 property in 2005 with the intention to purchase the same. Plaintiffs and Defendants then entered into an oral agreement that Plaintiffs would make the mortgage payments on the home in the monthly amount of $1,310.57. (Def. Ex. A).

Generally, an oral lease is unenforceable under the Statute of Frauds. R.C. 1335.04. While it is true that an oral lease may be released from the Statute of Frauds through partial performance of the lease, such a remedy is inappropriate when – such as the case here – only money damages are at issue. *Beggin v. Fort Worth Mortgage Corp.* (1994), 93 Ohio App. 3d 333, 339, 638 N.E.2d 604, 608-09. As such, there is no valid lease.

However, the law does hold that a tenancy at will is created when a lessee takes possession of the property under and invalid lease. *Manifold v. Schuster* (1990), 67 Ohio App. 3d 251, 255, 586 N.E.2d 1142, 1145. Upon payment and acceptance of rent, this tenancy at will then converts to a periodic tenancy. *Id.* (citation omitted). The length of the period is then determined by the terms under which rent was due. *Id.* at 256, 586 N.E.2d at 1145. In the case at hand, Plaintiffs took possession of the property on Twp Road 237 in 2005 and began making payments in monthly installments. As such, a month-to-month tenancy was established.

At trial, Plaintiff Lisa Bustillos testified she informed Defendant Michelle Bell that Plaintiffs were going to work in Florida for their concession trailer business, and would be able to make rent payments for January, February and March 2008 when they returned. Lisa Bustillos also testified that Michelle Bell told her, in early March 2008, when Plaintiffs returned from Daytona Beach, Florida, about her entering into a loss mitigation "workout" program through M&T Bank. (Def. Ex. F). In April 2008, Plaintiff Lisa Bustillos attempted to make a

-16-                    R 352-1947

BUSTILLOS v. BELL, ___09-CV-226, Pg. 9

mortgage payment on the property, as she had done in the past, but was turned away. Lisa Bustillos testified that Michelle Bell told her at that time that she would "take care of it."

At trial there was ample evidence that Defendants had periodically excused monthly payments by the Plaintiffs, or made payments on the mortgage themselves, throughout the term of the mortgage agreement. Under Ohio law, a party may waive a contractual right through either their words or conduct – as it appears Defendants did in this case by waiving payment from Plaintiffs. *Automated Solutions Corp. v. Paragon Data Sys.* (2006), 167 Ohio App. 3d 685, 695, 856 N.E.2d 1008, 1016 (citations omitted).

Considering the foregoing timeline, the Court finds that Defendants have not proven by a preponderance of the evidence that Plaintiffs are liable for unpaid rent on the property at 8517 Twp Road.

It is therefore **ORDERED, ADJUDGED AND DECREED** that, in accordance with the findings outlined above, Plaintiffs' shall be awarded judgment in the amount of Six Hundred and Thirty Dollars ($630) at the statutory interest rate of 4% from the date of this judgment. Costs shall be taxed to the Defendants.

Pursuant to Rule 54(B) of the Ohio Rules of Civil Procedure, the foregoing Judgment Entry is a final appealable order and there is no just cause for delay.

All until further order of the Court.

_Joseph H. Niemeyer_
JOSEPH H. NIEMEYER, JUDGE

-17-                    R352-1948

Case No. 5-11-44

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 1st, 2011, a time-stamped copy of the foregoing was delivered to counsel for the parties by placing the same in their drawer at the office of the Clerk of Courts:

John C. Filkins
101 W. Sandusky St.
Findlay, Ohio 45840

Robert B. Hollister
301 E. Main Cross St.
Findlay, Ohio 45840

_____
Carol Burgess, Judicial Assistant

R 352-1949

-18-