[Cite as *Fanous v. Ochs*, 2013-Ohio-1034.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98649

---

## MOHSEN FANOUS

PLAINTIFF-APPELLEE

vs.

## JAMES OCHS, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Berea Municipal Court
Case No. 11 CVG 00920

**BEFORE:**    Boyle, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**    March 21, 2013

**ATTORNEY FOR APPELLANTS**

Patrick Dichiro
4141 Rockside Road
Suite 230
Seven Hills, Ohio    44131


**ATTORNEY FOR APPELLEE**

Dominic J. Vannucci
22649 Lorain Road
Fairview Park, Ohio    44126

MARY J. BOYLE, P.J.:

**{¶1}** Defendants-appellants, James Ochs and Kamio Kim (collectively "appellants"), appeal from the trial court's judgment awarding damages to plaintiff-appellee, Mohsen Fanous ("the landlord"). Appellants raise two assignments of error:

> I. The trial court erred and abused its discretion when it affirmed the magistrate's decision where the magistrate considered the terms of the settlement of the first cause of action in making his decision on the second cause of action.

> II. The trial court erred and abused its discretion when it affirmed the magistrate's decision where the magistrate placed the burden of proof on the appellants-defendants.

**{¶2}** Finding no merit to the appeal, we affirm.

<u>Procedural History and Facts</u>

**{¶3}** The landlord and Ochs entered into a four-year written lease agreement on November 27, 2002, for the commercial property located at 15275 Brookpark Road, which Ochs and Fanous both personally signed. According to the landlord, he entered into a month-to-month rental agreement for the premises with Ochs and Ochs's mother, Kim,[1] after the expiration of the written lease agreement. The parties agreed to $2,000 per month in rent.

---

[1] On appeal, Ochs disputes that he personally agreed to the continuation of the lease and contends that only his mother is responsible for the lease. This issue will be discussed later in the opinion.

{¶4} In April 2011, landlord filed a complaint in Berea Municipal Court, alleging two counts: (1) forcible entry and detainer, and (2) money damages for back rent and the water bill. The parties settled the first cause of action in May 2011, resulting in an agreed entry filed with the trial court. The second cause of action for money damages was heard before a magistrate in February 2012 where the following evidence was presented.

{¶5} Both Kim and the landlord testified that the agreed rent was $2,000 per month and that there were no problems with the payment of the rent through December 2008. According to Kim, however, the landlord agreed to reduce the rent to $1,500 to accommodate her slowing restaurant business, starting in May 2009. Conversely, the landlord testified that he never agreed to reduce the rent and that he only allowed appellants additional time to pay the full amount when their rent fell short.

{¶6} The documentation evidence presented at trial revealed rent payments made in the form of checks and cash for varying amounts. The parties, however, stipulated that between January 1, 2009, and May 30, 2011, appellants paid a total of $45,100 in rent. While the landlord sought to recover the full $2,000 amount of rent for each month, appellants defended the action on the basis that rent had been reduced to $1,500 and that they had fully complied with paying the reduced rent. According to appellants, the landlord was not entitled to any more rent. Although Kim admitted at trial that $700 was owed to the landlord for the water bill, appellants urged the court to offset the amount that they paid for trash disposal and snow plowing.

**{¶7}** The magistrate found in favor of the landlord, awarding him a total of $13,600 in damages — $12,900 for past due rent and $700 for the water bill. The magistrate calculated the amount of past due rent by applying a rental rate of $2,000 per month for the 29 months at issue between January 1, 2009 and May 30, 2011, i.e., $58,000, and then subtracting the stipulated amount of rent paid ($45,100), resulting in an unpaid balance of $12,900.

**{¶8}** Appellants filed objections to the magistrate's findings of fact and conclusions of law. The trial court overruled the objections and awarded judgment in favor of the landlord, for a total amount of $13,600 plus 3 percent interest per annum from February 15, 2012.

**{¶9}** Appellants now appeal.

### Standard of Review

**{¶10}** "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), at syllabus. Further, rulings on evidentiary matters are well within a trial court's discretion. *McKay Machine Co. v. Rodman*, 11 Ohio St.2d 77, 82, 228 N.E.2d 304 (1967).

**{¶11}** Moreover, in accordance with Civ.R. 53, the trial court is required to conduct an independent review of the case, having the "ultimate authority and responsibility over the [magistrate's] findings and rulings." *Hartt v. Munobe*, 67 Ohio St.3d 3, 5, 615 N.E.2d 617 (1993). The trial court must decide "whether the [magistrate]

has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." *Inman v. Inman*, 101 Ohio App.3d 115, 118, 655 N.E.2d 199 (2d Dist.1995). In light of this discretion, a trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Remner v. Peshek*, 7th Dist. No. 97CA98, 1999 Ohio App. LEXIS 4802 (Sept. 30, 1999).

### Evid.R. 408 and Settlement Agreement

{¶12} In their first assignment of error, appellants argue that the trial court erred in adopting the magistrate's decision when the magistrate improperly considered the settlement agreement reached in connection with the first count of the complaint in determining the amount of rent owed with regard to the second count. In the magistrate's findings of facts and conclusions of law, the magistrate referenced that "at the conclusion of the First Cause of Action, the Defendant, Kim * * * agreed to 'pay to the Plaintiff the sum of $4,000.00 on May 4, 2011 as agreed rent for April and May 2011.'"

{¶13} Appellants argue that Evid.R. 408 expressly prohibits consideration of such evidence for determining liability and that the trial court relied on evidence that was not presented at trial.

{¶14} Evid.R. 408 states that:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or

invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

**{¶15}** We find appellants' reliance on Evid.R. 408 misplaced in this case. The record reveals that the appellants introduced evidence of the amount of rent paid for April and May 2011 as part of their case. Specifically, Kim testified on direct that she paid $2,000 per month in April and May 2011 pursuant to a "court agreement." The appellants cannot now complain on appeal that the trial court erred in relying on evidence that they introduced at trial. *See State ex rel. Lecklider v. School Emps. Retirement Sys.,* 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289 (appellant's argument challenging the trial court's use of affidavit in deciding issue failed because appellant invited error by submitting the evidence). Indeed, it is well established that "'[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.'" *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 28, 502 N.E.2d 590 (1986), fn. 16, quoting *Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145 (1943), paragraph one of the syllabus.

**{¶16}** Thus, contrary to appellants' assertion, the evidence presented at trial revealed that the appellants had paid a total of $4,000 for the months of April and May 2011 as part of the court agreement. We therefore find no error in the magistrate relying on this evidence in support of his finding that the rent was never reduced.

**{¶17}** Moreover, we disagree with appellants' claim that the trial court relied solely on the settlement agreement for purposes of deciding the second claim. Indeed, there was no dispute that the parties had a month-to-month lease agreement following the expiration of the written four-year lease agreement whereby they agreed to a rent of $2,000 per month. Appellants admitted that they paid $2,000 per month, starting in 2006 and continuing through December 2008, and that they started paying $2,000 again in March, April, and May 2011. The parties, however, disputed the issue of a rent reduction beginning in May 2009. The landlord testified that he never agreed to reduce the rent; instead, he agreed to give the appellants more time to make up the difference once they had the money.

**{¶18}** Here, the testimony was disputed. We must defer to the trier of fact when it comes to the weighing of credibility. The magistrate obviously found the landlord's testimony more credible than the testimony of Kim, who testified to the rent reduction. This finding is supported by the record, including appellants' payment of $2,000 in rent in March 2011 — prior to filing the eviction action. The mere fact that the magistrate believed the landlord over the appellants does not render the decision erroneous. Indeed, in a bench trial, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). It follows that, "[i]f the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation

which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Id.* at fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶19} We find that the landlord carried his burden of proof and demonstrated by a preponderance of the evidence that he was entitled to $2,000 per month during the appellants' occupancy.

{¶20} We find no merit to the first assignment of error and overrule it.

Burden of Proof

{¶21} In their second assignment of error, appellants argue that the trial court erred in adopting the magistrate's decision when the magistrate wrongly placed the burden of proof on the appellants, instead of placing the burden of proof on the plaintiff-landlord. We disagree.

{¶22} The burden of proof in a civil action for past due rent under a lease agreement is preponderance of the evidence. *See Bustillos v. Bell*, 3d Dist. No. 5-11-44, 2012-Ohio-3320. The plaintiff carries the burden of persuasion and must demonstrate by a preponderance of the evidence that the defendant is liable for unpaid rent. *Id.* at ¶ 14.

{¶23} In this case, we find that the landlord carried his burden of proof and demonstrated by a preponderance of the evidence that he was entitled to unpaid rent. We cannot say that the verdict is against the manifest weight of the evidence. Although the landlord's and appellants' recordkeeping in this case appeared very disorganized, the

parties stipulated to the amount of rent paid during the 29-month period at issue. Moreover, while we acknowledge the landlord never provided any documentation to the appellants as to the unpaid rent prior to the eviction proceedings, this evidence was heard and considered by the magistrate. We cannot say that the landlord's failure to provide an accounting to the tenant negated his claim. Indeed, the evidence at trial revealed a very relaxed relationship between the parties, whereby varying amounts of rent were paid on an inconsistent basis. We find the trial court's judgment is supported by competent, credible evidence. In addition to the landlord's testimony, Kim acknowledged that they initially agreed to $2,000 for the month-to-month tenancy, and that she even paid $2,000 following the time period that she claimed the rent had been reduced.

{¶24} As for appellants' claim of a rent reduction and their defense of "accord and satisfaction," we note that they carried the burden of proof to establish this defense. *See N. Olmsted v. Eliza Jennings*, 91 Ohio App.3d 173, 181, 631 N.E.2d 1130 (8th Dist.1993) ("Accord and satisfaction is an affirmative defense to a claim for money damages. The burden of proof is upon the proponent of the defense.") We therefore find no error in the magistrate's statement that appellants failed to prove that the rent had been reduced.

<u>Ochs's Personal Liability</u>

{¶25} As part of their second assignment of error, appellants further argue that the magistrate erred in finding Ochs personally liable for the unpaid rent when he only signed the original lease agreement and later moved out of state. We find appellants' argument to lack merit.

**{¶26}** We initially note that Ochs fails to cite to any authority in support of his argument. *See* App.R. 12(A)(2) and 16. Secondly, Ochs never presented any evidence to refute his tenancy or personal liability during the trial. Our review of the record reveals that the trial court properly held Ochs liable for the unpaid rent. Here, the record reveals that Ochs executed in his personal capacity the original written lease with the landlord. The record further reveals that (1) the restaurant–bar occupying the premises continued to operate after the written lease expired; (2) Ochs was a part owner of the bar; and (3) Ochs was listed as the owner of the liquor license. Notably, Ochs presented a personal check toward the payment of rent in 2009. Based on this evidence, we find that the trial court did not abuse its discretion in overruling the objections to the magistrate's decision.

**{¶27}** The second assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR