[Cite as *Calanni v. Kolodny*, 2018-Ohio-1289.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105269 and 105271**

# CHARLES A. CALANNI

APPELLANT

vs.

# MICHELE KOLODNY, ET AL.

APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Lakewood Municipal Court
Case Nos. 2015CVG02659 and 2016-CVI-00039

**BEFORE:** Kilbane, P.J., Laster Mays, J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 5, 2018

**ATTORNEY FOR APPELLANT**

Kenneth D. Myers
6100 Oak Tree Boulevard
Suite 200
Independence, Ohio 44131


**APPELLEES**

Michele Kolodny
John M. Deutsch
12303 Plover
Lakewood, Ohio 44107

MARY EILEEN KILBANE, P.J.:

**{¶1}** In this consolidated appeal, appellant, Charles Calanni ("Calanni"), appeals from the municipal court's decision in favor of appellees, John Deutsch ("Deutsch") and Michele Kolodny ("Kolodny"). For the reasons set forth below, we affirm.

**{¶2}** In December 2015, Calanni filed an eviction action in Lakewood Municipal Court against Kolodny and Deutsch for failure to pay rent. Kolodny and Deutsch were tenants of Calanni's. Calanni alleges they owe him back rent, damages, and past due utilities. The court held a hearing on the matter, at which the court ordered a writ of restitution in favor of Calanni. The day of the hearing, Kolodny and Deutsch filed a separate lawsuit, claiming that Calanni owed them money as a result of the cleaning and construction work that Deutsch and Kolodny did for Calanni on other properties Calanni owned. In response, Calanni filed a counterclaim to their lawsuit, claiming that Deutsch did not complete the work and caused Calanni to have to hire another contractor to finish the construction job.

**{¶3}** The court consolidated the actions and held hearings on the matter. The following evidence was adduced at the hearings.

**{¶4}** Calanni is the owner of property located at 12303 Plover Street in Lakewood, Ohio. Deutsch and Kolodny lived at the residence and rented from Calanni under a month-to-month tenancy. They paid $900 per month for rent and paid a $900 security deposit. Deutsch and Kolodny moved out toward the end of January 2016.

Calanni introduced a list of damages, including back rent. With regard to rent payments, Calanni testified that Deutsch and Kolodny owed him $3,500 ($800 in rental payments arrears and three months rent at $900 a month). With regard to the damages to the property, Calanni claimed they owed him $3,102.21 in damages that are beyond ordinary wear and tear. The damages included: drywall repairs ($287.93); painting ($195); cleaning ($367.87); appliance moving ($125); lock replacement ($229.64); smoke detector replacement ($39.64); window repairs ($41.17); window blinds replacement ($59.82); past due water bills ($765.94); lawn damage ($125); electrical damage ($245); missing lawn equipment ($275); and carpet cleaning ($345).

{¶5} Deutsch testified that when he moved into Calanni's property, he and Calanni agreed that he would perform construction work on other properties Calanni owned. Deutsch and Kolodny both worked on Calanni's property. Deutsch testified that he performed around $1,300-$1,400 in construction work for Calanni before he stopped working for Calanni. Kolodny also testified that Calanni did not pay her for the cleaning she performed on the property. Calanni presented evidence that the work performed by Deutsch was unworkmanlike and had to be redone and completed.

{¶6} In May 2016, the magistrate issued a report on each case, finding in favor of Calanni on his eviction case in the amount of $1,615.53. The magistrate found that Deutsch and Kolodny breached the lease by failing to pay two months rent, but credited their security deposit, leaving $900 as the total amount of rent owed to Calanni. The court also found that Calanni was entitled to $715.63 in damages to the property out of

the $3,102.21 he presented to the court. The magistrate found in favor of Deutsch and Kolodny on their small claims lawsuit in the amount of $970 for Deutsch and $550 for Kolodny. The magistrate found that Calanni agreed to pay Deutsch and Kolodny for their work to another property of Calanni's. Calanni was delinquent in paying Deutsch and Kolodny, which prevented them from paying their rent to Calanni on time. They then refused to perform any further work for Calanni. Calanni breached the agreement with Deutsch and Kolodny when he failed to pay them in full for the work performed.

{¶7} Calanni filed objections to the magistrate's reports, which the trial court overruled. In November 2016, the court adopted the magistrate's recommendations in the Deutsch-Kolodny lawsuit and entered judgment in favor of Deutsch in the amount of $970 and in favor of Kolodny in the amount of $550. The trial court issued a separate ruling one day later, in which it adopted the magistrate's recommendations and entered judgment in favor of Calanni in his eviction case in the amount of $1,615.63.

{¶8} Calanni now appeals, raising the following three assignments of error for review:

### Assignment of Error One

The trial court erred in failing to award [Calanni] the entire amount of damages for back rent and damages to the rental unit.

### Assignment of Error Two

The trial court erred in failing to find that Deutsch had breached the contract with Calanni by walking off the construction job.

### Assignment of Error Three

The trial court erred by failing to find that Deutsch's breach of contract caused Calanni damages by having to hire another contractor to finish the work that Deutsch had started.

**{¶9}** Within these assigned errors, Calanni argues the trial court erred in adopting the magistrate's decisions, which resulted in the trial court finding in favor of Deutsch and Kolodny in their lawsuit and failing to award the entire amount of damages he requested in his eviction case.

**{¶10}** In accordance with Civ.R. 53, trial courts are required to conduct an independent review of the case, having the "'ultimate authority and responsibility over the [magistrate's] findings and rulings.'" *Fanous v. Ochs*, 8th Dist. Cuyahoga No. 98649, 2013-Ohio-1034, ¶ 11, quoting *Hartt v. Munobe*, 67 Ohio St.3d 3, 5, 1993-Ohio-177, 615 N.E.2d 617. The trial court must decide "'whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate].'" *Id.*, quoting *Inman v. Inman*, 101 Ohio App.3d 115, 118, 655 N.E.2d 199 (2d Dist.1995).

**{¶11}** In light of this discretion, a trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 7. "A discretionary act that reaches an end or purpose clearly against reason and evidence is an abuse of discretion." *Flemco, L.L.C. v. 12307 St. Clair, Ltd.*, 8th Dist. Cuyahoga No. 105956, 2018-Ohio-588, ¶ 15, citing *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M,

2013-Ohio-4380. Moreover, "'[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court.'" *Fanous* at ¶ 10, quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶12} Calanni argues the trial court abused its discretion because there was not any competent, credible evidence to support the court's decision in both Deutsch's and Kolodny's favor. Calanni contends that the evidence he presented through his own observations, photos of the damage, and his contractor's testimony demonstrated not only the past due rent, but the damages to the premises. He further contends that Deutsch was not entitled to any damages because the evidence demonstrated that Deutsch did not pay his rent and "unilaterally walked off the job." Calanni additionally contends that he was entitled to damages from Deutsch and Kolodny because the evidence demonstrates that he had to hire a new contractor to repair and complete Deutsch's work. As a result, Calanni contends that the rulings are against the manifest weight of the evidence.

{¶13} Here, the trial court stated that it reviewed the entire transcript, as well as the photographs and other exhibits submitted to the magistrate. The court acknowledged that it is required to independently review the record, but may rely on the magistrate's credibility determinations, especially when the evidence is in dispute. The court found that while Calanni introduced evidence to support his claims, the magistrate found that Calanni's evidence was not sufficient to prove all of his claims. The items Calanni complained of were disputed by Deustch and Kolodny. The court noted that when

evidence is in dispute, the mere fact that the magistrate accepted the testimony of one party over the other does not render the decision erroneous. We agree.

{¶14} With regard to the eviction case, the magistrate found that Calanni failed to prove all the damages he alleged to the property and that he failed to prove that Deutsch and Kolodny owed $800 in back rent, rent for February 2016, and $765.94 for the water bills. With regard to the unpaid work claim by Deutsch and Kolodny and Calanni's counterclaim, the magistrate found that Deutsch and Kolodny refused to perform any more work for Calanni because he stopped paying them. Calanni breached their agreement when he stopped paying them in full for their work. The magistrate further found that Calanni failed to prove that any alleged deficiency in the work was Deutsch's fault. The trial court noted that these issues are compounded by the irregular way Calanni paid Deutsch and Kolodny and Calanni handled his business. The court noted that the record demonstrates a complete lack of compliance by Calanni regarding tax, social security, and workers compensation withholding and reporting requirements.

{¶15} When testimony is in dispute, we defer to the trier of fact's credibility determination. *Fanous*, 8th Dist. Cuyahoga No. 98649, 2013-Ohio-1034, at ¶ 18. Indeed, the trier of fact "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). It follows that "'[i]f the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent

with the verdict and judgment, most favorable to sustaining the verdict and judgment.'" *Id.* at fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978). Here, the magistrate found Deutsch and Kolodny's testimony more credible than Calanni's with regard to certain claims. The trial court acknowledged this and found that the magistrate's findings are supported by the record.

{¶16} In light of the foregoing, we cannot say the trial court abused its discretion when it adopted the magistrate's decisions.

{¶17} Accordingly, the first, second, and third assignments of error are overruled.

{¶18} Judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR