[Cite as *Sky Bank v. Lenart & Assocs., Inc.*, 2013-Ohio-5122.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99403**

# SKY BANK

PLAINTIFF-APPELLEE

vs.

# LENART AND ASSOCIATES, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2005 CVH 015015

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANTS**

Fred P. Lenhardt
5001 Mayfield Road, Suite 115
Cleveland, Ohio 44124


**ATTORNEYS FOR APPELLEE**

Rosemary Taft Milby
Matthew Burg
Sara M. Donnersbach
W. Cory Phillips
Amanda Rasbach Yurechko
Weltman Weinberg & Reis Co.
323 West Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Mark Lenart ("Mark"), appeals from a judgment granting plaintiff-appellee, Huntington National Bank ("Huntington"), a garnishment attachment on an individual checking account owned by his wife Mary Lenart ("Mary"). We find no merit to the appeal and affirm.

{¶2} Mark guaranteed a cognovit note for Lenart and Associates, Inc., a construction company, which became delinquent. Huntington, successor by merger to Sky Bank, reduced the cognovit note to judgment against Mark and Lenart and Associates, in the principal amount of $49,075.81, plus interest. Huntington subsequently transferred the judgment to the Cleveland Municipal Court.

{¶3} During the course of post-judgment discovery, Huntington served Mary with a subpoena to appear for a deposition in aid of execution because she had personal knowledge of Mark's finances. She testified that she is married to Mark and shares a joint checking account with him but also has her own individual checking account at KeyBank. Mary also testified that Mark periodically gave her cash, which she deposited into her individual account. Mary was a commissioned artist who had sold one art piece the previous year. She did not pay any bills but used some of the funds in her account to purchase school supplies for her children.

{¶4} Shortly after Mary's creditor's examination, Huntington filed a garnishment order pursuant to R.C. 2716.11 on Mary's individual account. KeyBank answered the

order and paid over $5,123.42 to the Cleveland Municipal Court. The Clerk of the Cleveland Municipal Court later transferred the funds to Huntington's counsel.

{¶5} Pursuant to R.C. 2716.13, Mark filed an objection to the garnishment, and the court held an evidentiary hearing at which Mary was the only witness. Although there is no transcript of the hearing, Huntington argued in a post-hearing brief that evidence from the hearing proves the funds in Mary's individual checking account belonged to Mark. Appellant argued that because Mary is the sole owner of the funds in her account, they cannot be garnished to satisfy Mark's debt.

{¶6} A magistrate determined that the attachment of funds in Mary's individual account was improper. The magistrate deemed Mary a "third party claimant" because she was not a party to the underlying judgment, and there was no judicial determination that Mark fraudulently transferred the funds to Mary's account. Huntington filed timely objections to the magistrate's decision. Although there was no written transcript of the hearing, Huntington submitted an affidavit of evidence pursuant to Civ.R. 53(D)(3)(b)(iii). The trial court sustained the objections and held:

> Third party claim is not properly before the court. Even if it had been properly before the court, the judgment creditor has established that the sole source of the funds in the account is the judgment debtor and no exemption exists.

{¶7} Appellant now appeals and raises three assignments of error.

### Standard of Review

{¶8} Pursuant to Civ.R. 53(E)(4)(b), the trial court must rule on objections to a magistrate's decision and may adopt, reject, or modify the decision. The trial court must

decide "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." *Inman v. Inman*, 101 Ohio App.3d 115, 118, 655 N.E.2d 199 (2d Dist.1995). We therefore will not reverse the trial court's ruling on objections to a magistrate's decision absent an abuse of discretion. *Fanous v. Ochs*, 8th Dist. Cuyahoga No. 98649, 2013-Ohio-1034, ¶ 11.

### Personal Jurisdiction

{¶9} In the first assignment of error, Mark argues the trial court did not have personal jurisdiction over Mary and, therefore, could not issue a garnishment order on her individual account. However, R.C. 2716.01(B) authorizes a judgment creditor to garnish the property of a judgment debtor even if the property is "in the possession of a person other than the person against whom judgment was obtained." *Januzzi v. Hickman*, 61 Ohio St.3d 40, 572 N.E.2d 642 (1991); *Franklin Mgt. Industries, Inc. v. Motorcars Infiniti, Inc.*, 8th Dist. Cuyahoga No. 95391, 2011-Ohio-1693.

{¶10} In *Januzzi*, the Ohio Supreme Court explained that since a garnishee is not a party to a garnishment proceeding, "an order to pay into court entered in that proceeding could not affect the garnishee's substantial rights." *Id.* at 42. Therefore, a garnishee cannot appeal from an order requiring it to release the debtor's funds to the court. *Id.* The garnishee's nonparty status is also indicated in R.C. 2716.06 and 2716.13, which gives only the judgment debtor the right to demand a hearing. *Januzzi* at 42.

{¶11} R.C. 2716.06 further provides, in relevant part:

The garnishee shall answer all questions addressed to the garnishee regarding the personal earnings of the judgment debtor or regarding *the amount of money, property, or credits, other than personal earnings, of the judgment debtor that are in the garnishee's possession or under the garnishee's control at the time of service of the order*, whichever is applicable. * * * If a garnishee answers and it is discovered that, at the time of the service of the order upon the garnishee, the garnishee possessed any money, property, or credits of the judgment debtor or was indebted to the judgment debtor, the court may order the payment of the amount owed into court.

{¶12} According to Huntington's affidavit of evidence, Mary testified at the evidentiary hearing that Mark gave her $30,000 in the four months preceding the garnishment order. She also testified that she may have deposited $50 or $60 that she received from her father. This testimony is consistent with Mary's deposition testimony that Mark periodically gave her sums of money to deposit into her individual checking account. Therefore, the record contains evidence that Mary deposited Mark's money in her individual account at KeyBank.

{¶13} Under these circumstances, we find no abuse of discretion in the trial court's garnishment order to attach Mark's funds even though they were held in Mary's individual account.

{¶14} The first assignment of error is overruled.

**Third-Party's Right to Object**

{¶15} In the second assignment of error, appellant argues that even if the trial court had authority to issue the garnishment order, Mary had a right to enter an appearance and object as a third party.

**{¶16}** The manner in which a third party may object to a garnishment order is prescribed by statute.   R.C. 2715.40 states:

> If personal property which has been attached is claimed by a person other than the defendant, the levying officer shall have the validity of such claim tried; and such proceedings shall be had, with like effect, as in case of property seized upon execution, and claimed by a third person.

> **{¶17}** Likewise, R.C. 2329.84 provides:

> If, by virtue of a writ of execution issued from a court of record in this state, an officer levies it on goods and chattels claimed by a person other than the defendant, such officer forthwith shall give written notice to a judge of the county court, which notice shall contain the names of the plaintiff, defendant, and claimant, and at the same time furnish the judge a schedule of the property claimed.  Immediately upon the receipt of the notice and schedule, the judge shall make an entry of them on his docket, and issue a summons directed to the sheriff or any constable of the county commanding him to summon five disinterested men, having the qualifications of electors, to be named in the summons, to appear before him, at the time and place therein mentioned, which shall not be more than three days after the date of the writ, to try and determine the claimant's right to the property in controversy.  *The claimant shall give two days' notice, in writing, to the plaintiff, or other party, for whose benefit the execution was issued and levied, his agent, or attorney, if within the county, of the time and place of trial. The claimant shall prove to the satisfaction of the judge that such notice was given, or that it could not be given by reason of the absence of the party, his agent, or attorney.*   (Emphasis added.)

Thus, once a third-party asserts an ownership claim to attached property, the third party must follow the procedures set forth in R.C. 2329.84, and five jurors must determine the ownership issue at trial.   R.C. 2329.85 states that "[t]he jurors summoned under section 2329.84 of the Revised Code shall be sworn to try and determine the right of the claimant to the property in controversy, and give a true verdict according to the evidence."

{¶18} It is undisputed that Mary was not a party to the cognovit judgment action. She never moved to intervene in the garnishment action and never availed herself of the remedies available to her under R.C. 2715.40 and 2329.84. The only motions and pleadings in the record were filed by Mark and only make reference to Mary, a nonparty. Therefore, in sustaining Huntington's objections to the magistrate's decision, the trial court properly determined that Mary never filed a proper third-party claim and therefore could not request any relief for alleged injury.

{¶19} Accordingly, we overrule the second assignment of error.

**Ownership of Garnished Funds**

{¶20} In the third assignment of error, Mark argues the trial court erred when it failed to identify ownership of the garnished funds and failed to allow him to claim any exemptions that would prevent the garnishment.

{¶21} However, as previously explained, issues pertaining to the ownership of garnished funds are strictly governed by statute. R.C. 2716.13(C) sets forth the procedure by which a judgment debtor may challenge a creditor's right to garnish the property. That statute provides that if a judgment debtor "dispute[s] the judgment creditor's right to garnish [his] property and believe[s] that the judgment creditor should not be given [his] money * * * because [it is] exempt or if he feel[s] that [the] order is improper for any other reason, [he] may request a hearing before [the] court." R.C. 2716.13(C) further sets forth a list of benefits a creditor may not garnish to satisfy a debt. These exemptions are listed as follows:

(1) Workers' compensation benefits;

(2) Unemployment compensation payments;

(3) Cash assistance payments under the Ohio Works First program;

(4) Benefits and services under the prevention, retention, and contingency program;

(5) Disability financial assistance administered by the Ohio Department of Job and Family Services;

(6) Social Security benefits;
(7) Supplemental security income (S.S.I.);

(8) Veteran's benefits;

(9) Black lung benefits;

(10) Certain pensions.

{¶22} In this case, Mark requested a hearing pursuant to R.C. 2716.13(C). However, ownership of garnished property is not within the scope of a R.C. 2716.13(C) hearing. As previously explained, a party claiming ownership to garnished property must either file a third-party claim pursuant to R.C. 2715.40 and R.C. 2329.84, or file a motion to intervene to assert his or her rights to garnished property pursuant to Civ.R. 27.

{¶23} Mark also failed to present any evidence that any of the exemptions listed in R.C. 2716.13 apply to the garnished funds. Although Mark argues he used the funds to support Mary and the family, the list does not include an exemption for routine household expenses.

{¶24} Mary, who was not a party to the garnishment action, never filed a third-party claim or moved to intervene. Therefore, the trial court only had jurisdiction

to hear arguments and accept evidence within the scope of R.C. 2716.13(C), which does not include ownership. Further, there is no evidence of any exemption in the record. Therefore, the trial court properly overruled the magistrate's decision and ordered garnishment of the funds in Mary's individual account.

{¶25} Therefore, the third assignment of error is overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS IN JUDGMENT ONLY