[Cite as *Johnson v. Dattilo Investors, L.L.C.*, 2015-Ohio-317.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101486**

**PRECIOUS T. JOHNSON, ET AL.**

PLAINTIFFS-APPELLEES

vs.

**DATTILO INVESTORS, L.L.C., ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2012 CVG 009576

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**ATTORNEY FOR APPELLANTS**

David M. Lynch
David M. Lynch, Attorney at Law
333 Babbitt Road
Suite 333
Euclid, OH    44123


**FOR APPELLEES**

Precious T. Johnson, pro se
10414 Pierpont Avenue
Cleveland, OH    44108

Marcus Hall, pro se
10414 Pierpont Avenue
Cleveland, OH    44108

SEAN C. GALLAGHER, P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendants-appellants Dattilo Investors, L.L.C., et al., appeal the decision of the trial court that denied the motion to return funds of Anthony L. Dattilo ("Dattilo"). For the reasons stated herein, we affirm.

{¶2} Plaintiffs Precious T. Johnson and Marcus Hall obtained a judgment in the Cleveland Municipal Court, Housing Division against Dattilo Investors, L.L.C. in the amount of $12,700.[1] The judgment was awarded after the trial court determined that Dattilo, as an agent of Dattilo Investors, L.L.C., had unreasonably entered property rented to the plaintiffs without giving prior notice, shot the plaintiffs' dog, made no attempt to find the dog or contact the plaintiffs, and later boasted cruelly to the plaintiffs that he had shot the dog.

{¶3} In June 2013, pursuant to an order of garnishment for other than personal earnings, funds were garnished from an account at Charter One Bank in partial satisfaction of the judgment. Eight months later, Dattilo filed a motion to return funds. His sole claim was that the funds had been taken from his personal account. The trial court denied the motion.

{¶4} The trial court recognized that a judgment creditor is permitted to garnish other than personal earnings from a third party. The court further indicated that it was found that Dattilo was acting as an agent of Dattilo Investors, L.L.C., when he committed the acts that were the basis of liability, that it appeared the funds were held by an agent of the judgment debtor, and that the plaintiffs were entitled to garnish funds that he held on behalf of the company. The trial court also noted that Dattilo Investors, L.L.C., did not challenge the garnishment when notice of

---

[1] We note that the underlying judgment was entered against Dattilo Investors, L.L.C. The action was originally filed against Dattilo Investment Group, L.L.C.

it was issued in June 2013, that Dattilo did not bring a challenge under R.C. 2715.40 or 2329.84, and that the garnished funds had been disbursed to the plaintiffs.

{¶5} Dattilo timely filed this appeal. Under his sole assignment of error, Dattilo claims the trial court erred in permitting garnishment of his personal account without determining the personal account contained corporate funds. We find no merit to his argument under the circumstances of this case.

{¶6} As this court has previously recognized, R.C. 2716.01(B) allows a judgment creditor to garnish the property of a judgment debtor even when the property is "in the possession of a person other than the person against whom judgment was obtained." *Sky Bank v. Lenart & Assocs.*, 8th Dist. Cuyahoga No. 99403, 2013-Ohio-5122, ¶ 9, citing *Januzzi v. Hickman*, 61 Ohio St.3d 40, 572 N.E.2d 642 (1991). In this case, any funds of Dattilo Investors, L.L.C., that were in the possession of Dattilo, as an agent thereof, were subject to garnishment. To the extent Dattilo wishes to challenge ownership of the funds, "issues pertaining to the ownership of garnished funds are strictly governed by statute." *Sky Bank* at ¶ 21.

{¶7} A judgment debtor may challenge a garnishment and may demand a hearing pursuant to R.C. 2716.06 and 2716.13. Dattilo Investors, L.L.C., never challenged the garnishment order.

{¶8} A third party who claims ownership of funds may bring a challenge under R.C. 2715.40 and 2329.84. Dattilo does not claim that he did not have notice of the garnishment order. If Dattilo, as a person other than the judgment debtor, wished to challenge the garnishment, he should have filed a third-party claim pursuant to R.C. 2715.40 or 2329.84. Dattilo never brought a claim under these provisions and never claimed that he did not hold funds in the account on behalf of the judgment debtor.

**{¶9}** Accordingly, we find the trial court properly ordered garnishment of the funds and denied Dattilo's motion.

**{¶10}** Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR